## COMMONWEALTH *vs.* JOHN F. WELSH.

Keeping intoxicating liquors under the floor of a tenement upon the ground is a using of
the tenement for the keeping of the liquors within the meaning of the Gen. Sts. c. 87,
§§ 6, 7.

The fact that intoxicating liquors were found in a tenement by an officer with a search-
warrant is not rendered inadmissible as evidence upon an indictment on the Gen. Sts.
c. 87, §§ 6, 7, for keeping the tenement for the illegal sale of such liquors, by reason of
the officer's having misconducted himself in serving the warrant.

Upon an indictment on the Gen. Sts. c. 87, §§ 6, 7, for keeping a tenement for the illegal
sale of intoxicating liquors, evidence that the defendant kept a public hotel, and that
liquor was found concealed therein, is admissible.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and
maintaining in South Scituate a tenement for the sale and keep-
ing of intoxicating liquors. At the trial in the Superior Court,

---

before *Bacon*, J., it was admitted that the defendant kept a public hotel in South Scituate. The Commonwealth offered evidence that a deputy state constable searched the hotel with a warrant, and found under the floor of one of the rooms, upon the ground, four demijohns and two bottles containing intoxicating liquors. The defendant objected to the admission of this evidence, because the liquors were found under the floor and upon the ground, but the judge admitted it.

The Commonwealth also introduced the testimony of several officers that they searched the hotel after eight o'clock in the evening, and found four bottles of intoxicating liquors in the bar-room ; and that at another time they visited the hotel, demanded the key of the iron safe, and, upon the refusal of the defendant to give up the key, cut open the safe with cold chisels, and took therefrom twenty bottles of intoxicating liquors.

The defendant requested the judge to rule that " anything seen or found on an illegal search under a warrant in the night-time was not competent evidence ; " but the judge refused so to rule.

The judge ruled that " evidence of intoxicating liquors found under the building was admissible, with other testimony, to show that the tenement, or some part of it, was used for · the keeping of intoxicating liquors." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*B. W. Harris & P. Simmons*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The liquors discovered upon the premises, upon taking up a part of the floor, must be considered as found in the building, or kept and deposited in it, within the meaning of the statute. The instruction requested upon this point was therefore properly refused.

If the officer was guilty of any misconduct in his mode of serving the warrant, he may perhaps have rendered himself liable to an action, or indictment ; but the fact that intoxicating liquors were found in the safe would not thereby be rendered incompetent as evidence. *Commonwealth* v. *Intoxicating Liquors*, 4 Allen, 593, 600.

The facts that the building was a public hotel, and that the liquors were concealed upon the premises, had a tendency to show an intent to sell illegally, and were proper for the jury to consider. *Exceptions overruled.*