## UNITED STATES v. CERTAIN QUANTITIES OF INTOXICATING LIQUORS.

(District Court, D. New Hampshire. July 24, 1923.)

No. 287.

1. **Intoxicating liquors** ⬉255—**Prima facie subject to destruction.**
   Prima facie, intoxicating liquor seized by federal agents is contraband and subject to destruction upon order of the court.
2. **Intoxicating liquors** ⬉255—**Can be ordered destroyed only after notice and hearing if there has been no conviction.**
   Under National Prohibition Act, pt. 2, § 26, upon conviction of owner or possessor of intoxicating liquors they are subject to destruction without notice or hearing, but under section 25, where there has been no conviction, there must be notice and hearing.

In Equity. Proceedings by the United States against Certain Quantities of Intoxicating Liquors. On petition for destruction of the liquor. Decree ordering destruction.

Raymond U. Smith, U. S. Atty., of Woodsville, N. H.

MORRIS, District Judge. Petition for the destruction of intoxicating liquor seized from various individuals.

From an examination of the petition it appears the liquor of which the government seeks destruction was seized from persons who have not been convicted of an offense under the National Prohibition Act (41 Stat. 305) either because the grand jury failed to indict them or because conviction was under the Reed Amendment to the Webb-Kenyon Act (Act of March 3, 1917; 39 Stat. 1069 [Comp. St. §§ 8739a, 10387a

–10387c]). In one instance liquor was found in an abandoned automobile. The petition therefore presents the question as to what should be done with liquor siezed under such conditions—a question which has not heretofore been before this court.

Section 26 of title 2 of the National Prohibition Act provides that—

"Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction. * * * The court upon conviction of the person so arrested shall order the liquor destroyed."

[1, 2] Prima facie, intoxicating liquor seized by federal agents is contraband and subject to destruction by order of the court. The presumption that it is contraband becomes conclusive upon the conviction of the owner or possessor under the provisions of section 26. No notice or hearing is necessary to determine what disposition should be made of it. The statute is mandatory. But in the case before us no one has been convicted; therefore the liquor cannot be destroyed under the provisions of section 26.

Section 25 of title 2 of the National Prohibition Act reads as follows:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in Title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor shall be destroyed, unless the Court shall otherwise order.

The words "if it is found," etc., imply that there must be notice and hearing before any disposition of the liquor or property seized can be disposed of by the court. An essential difference between the two sections of the statute is that under the provisions of section 25 a question of fact is left open for the determination of the court. If upon hearing it is found that the liquor was being "unlawfully held, or possessed, or had been unlawfully used," it is then subject to destruction or such other order as the court may make.

In the present case, it appearing that notice, as ordered by the court, has been given to the persons from whom the liquor was seized and to the owner of the abandoned automobile in which some of the liquor was found, and the cause coming on for hearing this 24th day of July, 1923, and no parties appearing as claimants, upon the evidence before me, I find that such liquors were being unlawfully transported, held, or possessed, and a decree may be entered ordering their destruction.