## UNITED STATES v. COOPER.

(District Court, D. Massachusetts. February 4, 1924.)

No. 4677.

Criminal law ⬉➔394—Intoxicating liquors ⬉➔249—Summary destruction of liquor by officers making search with warrant held trespass ab initio, and evidence suppressed.

In view of National Prohibition Act, tit. 2, §§ 25, 28 (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½o), Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138½c), and Act June 15, 1917, tit. 11, §§ 6, 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼f, 10496¼p), the acts of federal prohibition agents in summarily destroying intoxicating liquor found while searching premises under a valid search warrant constitute a trespass, and under the doctrine of trespass ab initio the evidence secured during such a search will be suppressed.

---

⬉➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Frederick J. Cooper. On motion to quash a search warrant and suppress evidence obtained by federal prohibition agents. Motion granted.

Elihu D. Stone, U. S. Atty., of Boston, Mass.

Daniel A. Shea, of Boston, Mass., for defendant.

BREWSTER, District Judge. In this case federal prohibition agents entered upon premises of the defendant armed with a search warrant, which, I find, was a valid search warrant, properly issued by a United States commissioner. The agent searched the premises described in the warrant and there found and seized and destroyed a quantity of intoxicating liquor fit for beverage purposes.

A motion to quash the search warrant and to suppress the evidence obtained by the federal prohibition agents, who participated in the search and seizure and destruction of the property seized, was seasonably presented on the ground that such evidence was obtained as a result of an unlawful seizure, in violation of the rights of the defendant under the Constitution and Laws of the United States. The search and seizure are claimed to be unlawful because the prohibition agents wantonly and without right destroyed the liquor seized.

I find and rule that the search would have been in all respects lawful and reasonable, were it not for the fact that the agent serving the warrant and those assisting him proceeded summarily to destroy the liquor found on the premises of the defendant.

This motion presents a question of such importance that I have been led to give most careful consideration to the rights and duties in the premises of the federal agents who execute warrants for search and seizure.

In the first place, it may be well to consider whether the agents have any authority to destroy property seized on a valid search warrant. Under the statutes in force at the time of the enactment of the prohibition law, internal revenue officers had a very limited right to destroy property in case of seizure. This right was limited to the destruction of the still and certain other property, described in the statute, designed for the manufacture of liquor having a less producing capacity than 150 gallons per day and which was less than $500 in value, provided the offense involved forfeiture of the property and that it was impracticable to remove the same to a place of safe storage, and the officer was authorized to destroy the same only so far as to prevent the use thereof for the purpose of distilling. But in all such cases the statute required certain formalities respecting report and appraisal under oath (none of which were complied with by the federal agents in the instant case), and the owner was entitled to reimbursement for the value unless it was made to appear to the satisfaction of the officials that the apparatus had been used in unlawful distillation. R. S. § 3332 (Comp. St. § 6129). I have, after diligent search, been unable to find any statute which gives to internal revenue agents or officers the right to destroy liquor or any ingredients entering into the manufacture of liquor. It does not appear, therefore, that the agents derive authority to destroy from any provision of the internal revenue

laws under section 28 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½o), or section 5 of the Act of November 23, 1921 (42 Stat. 222 [Comp. St. Ann. Supp. 1923, § 10138⅘c]).

Nor are there any express provisions in the National Prohibition Act which confer upon those charged with the duty of enforcing the act the right to destroy either liquor or property designed for the manufacture of liquor. The only provisions of the Prohibition Act which could possibly be offered in justification for such acts are those contained in section 25 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½m), which provide that:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property, * * * and such liquor, the containers thereof, and such property so seized" on search warrant "shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order."

In U. S. v. Intoxicating Liquors (D. C.) 291 Fed. 717, Judge Morris states that the words "if it is found," etc., "imply that there must be notice and hearing before any disposition of the liquor or property seized can be disposed of by the court." If, upon hearing, it is found that the liquor was being "unlawfully held, or possessed," or the property had been "unlawfully used," it is then subject to destruction or such other order as the court may make. Section 25 does not outlaw all liquors, but only liquors containing one-half of 1 per cent. or more of alcohol by volume and fit for beverage purposes and which are unlawfully possessed. Only outlawed liquors unlawfully possessed and lawfully seized can be destroyed. Here again the matter calls for an adjudication.

It is inconceivable that Congress intended that an agent or officer appointed to enforce the prohibition laws should have the power to exercise the functions of a court and determine, in a more arbitrary fashion than any court of justice would ever sanction, that the liquid found was liquor within the definition of the act and that it was liquor unlawfully held or possessed, and upon such ex parte determination to proceed forthwith to destroy the evidence upon which the conclusion has been reached. Yet that is exactly what the agent did in the instant case. He decided offhand that the liquor found and seized was intoxicating liquor, that it was fit for beverage purposes, and that it was unlawfully possessed, and, acting upon that decision he destroys the liquid thus seized. The defendant or the owner is given no opportunity to be heard or to appeal from this decision, and the statute has made no provisions whatever for compensating any owner whose property may have been unlawfully destroyed.

The statute contemplates destruction of liquor unlawfully possessed "unless the courts otherwise order," but what opportunity does the court have to otherwise order if the liquor is destroyed at the time of the seizure? These words are devoid of any meaning if the section

is to be construed so as to give officers searching and seizing a right to summarily destroy the seized property. But it is urged that, if agents are without authority to destroy, practical difficulties will be met in cases where it is impossible to remove the seized property, or where it could not be moved and stored without disproportionate expense. I am not impressed with this argument. In the first place, authority to deprive one of his property cannot originate in the necessities of the agent or of the occasion; and, in the second place, it cannot be assumed that the court in a proper case and on appropriate proceedings will refuse to order the destruction of contraband where such destruction is the only practical and expedient disposition of it. This court should, and I venture to assert will, always be ready to facilitate the enforcement of the act by all lawful means. Nor does the mere fact that the agent finds what appears to him to be conclusive evidence that a crime is being committed furnish justification for depriving the individual committing the crime, however undesirable he may be to society, of his property without due process of law. However guilty he may be, I take it he does not forfeit his right to claim the guaranties of the Fifth Amendment to the Constitution. As Judge Learned Hand has aptly said:

"The Constitution protects the guilty along with the innocent." U. S. v. Casino (D. C.) 286 Fed. 978.

Not only do I fail to find in the statutes any authority for such destruction by the agent, but I find in the Espionage Act (40 Stat. 217) provisions that are entirely inconsistent with any such disposition of seized property. The destruction precludes the officer from complying either with the mandates of his warrant or with the provisions of section 6 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), and again the destruction renders the judge powerless to comply with the provisions of section 16 of title 11 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼p).

I am therefore forced to the conclusion that the act of the agent in destroying the liquor was entirely without any warrant of law and constituted a trespass. By this unlawful act the agent became a trespasser ab initio, for, as was said in The Six Carpenters' Case, 8 Co. 146, "when entry, authority, or license is given to any one by the law, and he doth abuse it, he shall be a trespasser ab initio; * * * the law adjudges by the subsequent act, quo animo, or to what extent he entered for acta exteriora indicant interiora secreta." This ancient doctrine has been recognized and followed in Massachusetts (Melville v. Brown, 15 Mass. 82; Malcom v. Spoor, 12 Metc. 279, 46 Am. Dec. 675; Russell v. Hanscomb, 15 Gray, 166; Esty v. Wilmot, 15 Gray, 168), and also in other states (State v. Moore, 12 N. H. 42; Allen v. Crofoot, 5 Wend. [N. Y.] 507), and also in the federal courts (Godat v. McCarthy [D. C.] 283 Fed. 689; Murby v. U. S. [C. C. A.] 293 Fed. 849).

The search and seizure being illegal from the beginning, it follows that the evidence sought to be suppressed was obtained by federal agents through an illegal search and seizure and is therefore inad-

missible. Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; Giles v. U. S. (C. C. A.) 284 Fed. 208; Murby v. U. S., supra; Parks v. U. S. (C. C. A.) 294 Fed. 776.

The above case is typical of many that have been considered on motions to suppress evidence during this term. I am well aware that many who are obviously guilty will escape punishment. It is a situation much to be regretted, but it is one for which the courts cannot be held responsible. If those who are charged with the duty of enforcing obedience to the prohibition laws were less inclined to venture upon doubtful grounds, and were more careful to bring their acts clearly within the law, as laid down in this district, not only would more guilty offenders be brought to justice, but it would be easier to establish in the community a wholesome respect for the law.