### UNITED STATES v. CLARK.

#### SAME v. HAMEL.

#### (District Court, S. D. Alabama. April 25, 1924.)

1. Searches and seizures ⊗3—Validity of acts done under search warrant not affected by failure to make proper return.

    Failure of the officer to whom a search warrant was issued to make a proper return thereon cannot render invalid prior valid acts done by him thereunder.

2. Criminal law ⊗394, 395—Testimony and liquor obtained by search warrant held admissible, though officer illegally destroyed liquor seized.

    The government is not deprived of the right to use in a criminal prosecution evidence, consisting of liquor seized and testimony of what officers saw in the lawful execution of a valid search warrant, because the officer executing the warrant destroyed liquor seized thereunder, instead of bringing it before the judge or commissioner who issued the warrant, as required by Espionage Act, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f).

Criminal prosecutions by the United States against John M. Clark and against Pete Hamel. On motions by defendants to quash search warrants and to suppress evidence secured thereby. Denied.

C. W. Thompkins, of Mobile, Ala., for defendants.
Joseph W. John, Acting U. S. Atty., of Mobile, Ala.

ERVIN, District Judge. These matters coming on to be heard on motions made in each of the cases to quash the search warrants and to forbid the use in evidence of the liquors seized by the officers under the warrants, and to further forbid the officers from testifying to what they saw while executing the warrants, because in one instance the officer failed to make a sufficient and proper return on the original war-

rant of his doings, and in the other case because the officer who executed the search warrant seized a large number of half pint bottles of whisky, and at the time of seizure destroyed all of the whisky, except two half pints, which he preserved for evidential purposes.

[1] I am cited to two cases, one to each of these propositions. The first is Murby v. U. S. (C. C. A.) 293 Fed. 849, where the court, on page 852, says:

"While in this warrant, supra, there is no express direction to the officer to give (or leave) such copy and receipt (plainly the better practice, Giles v. United States [C. C. A.] 284 Fed. 208, 215), there is a direction to the officer 'to do and report concerning the same as the law directs.' This direction was enough, but the return does not 'report' that the officer did 'as the law directs.' If, in fact, this provision (section 12) was complied with, the return should have shown it—affirmatively. If it was not complied with, the search warrant proceedings were void, and the evidence obtained thereby inadmissible. Pain v. Farr, 118 Mass. 74; Kent v. Willey, 11 Gray (Mass.) 368, 373; Gibson v. Holmes, 78 Vt. 110, 121, 62 Atl. 11, 4 L. R. A. (N. S.) 451; Turner v. Lowry, 2 Aik. 72, 75; Tubbs v. Tukey, 3 Cush. 438, 440, 50 Am. Dec. 744. Nowhere in this record is there anything to indicate compliance with this essential requirement of the statute. The presumption from the omission in the return is that it was not complied with. Besides, at the trial, although seasonable objection was made that the record failed to show compliance with section 12—no motion was made to amend the return in this respect. U. S. v. Kraus, 270 Fed. 578; Rose v. U. S., 274 Fed. 245. The result is that the District Court erred in admitting evidence of proceedings under the search warrant and concerning the liquor and containers seized."

It occurs to me that the court was wrong in holding that the failure of the officer to make the return as required by the Espionage Act made the whole proceeding under the warrant void. It seems to me that, where a perfectly valid warrant is issued and a search is made under it, by which evidence is obtained showing a violation of the law by the defendant, that the proceedings should not be defeated by the fact that the officer fails to perform some subsequent duty required of him by the act; in other words, that where all the essential prerequisites to the issuance of the warrant had been complied with and a proper warrant had been issued, and the officer makes a proper levy under that warrant, whatever is required thereafter to be done is merely directory, and that the failure to perform these directed duties cannot affect the prior valid issue and levy of a warrant by the officer. If a proper warrant was issued and served, how could the failure of the officer thereafter to do something which the act required him to do react upon those legal things which he had already done under the warrant and make them void?

The act does not in terms say that the failure of the officer to make a proper return shall invalidate all his previous acts, and, in the absence of such provision in the act, it seems to me clearly wrong to hold that, because of the failure of the officer to perform this directed duty, the previous legal acts done by him were rendered illegal and void. In fact, the last words quoted seem to me wholly inconsistent with the rulings of the court, for, if the officer would have the right to amend his return, so as to show what he had done under authority of the warrant, then neither the warrant nor the previous acts of the officer are void. A void act cannot be amended. If the failure of the officer to

make proper report rendered the warrant and his previous conduct thereunder void, then he would have no power to amend his return.

How could he thereafter validate this void thing by amending his return? The *validity* of the writ and his previous acts could not shift from void to good by the amending or failure to amend the return. Hence the fact that it was held by the court that the officer has the right to amend the return shows that the failure to make the return does not make his act done under the warrant void.

[2] The other case cited to me is United States v. Cooper (D. C.) 295 Fed. 709, where the court holds that, where an officer acting under a search warrant seizes a lot of prohibited liquors, and instead of bringing these liquors into the court, and asking for an order of condemnation and destruction, destroys them where seized, that this renders void the seizure by such officer. The court says:

"I find and rule that the search would have been in all respects lawful and reasonable, were it not for the fact that the agent serving the warrant and those assisting him proceeded summarily to destroy the liquor found on the premises of the defendant."

We have then the proposition, where a search warrant is properly issued and valid on its face, the seizure under the search warrant is properly made, but the officer instead of bringing in the liquors so seized, destroys them. The court holds that this act on the part of the officer, being wrongful, makes the whole proceeding void ab initio.

We may agree with the finding of the court that the act gives the officer no power to pass judgment upon the liquors to destroy them, but refers that power to the court alone; but still it seems to me that the court was wrong in holding that the failure of the officer to bring these liquors in to the proper authority and get an order of condemnation vitiated all his acts done under the warrant. It seems to me that, while the principles of law laid down by the court may be correct, the court is making misapplication of the principles of a wanton or wrongful act done by an officer rendering all his proceedings under the warrant void.

If the proceedings, instead of being a transaction against a defendant charged with violating the prohibition laws, had been a proceeding against an officer by this defendant, seeking to hold the officer responsible for the result of a wrongful act of the officer, the principles applied by the court would have been correct. But in the case above the officer was not a party to the record; there was no effort to make the officer responsible for the wrongful act done by him, but instead the court was excusing the defendant for a criminal act done by him because the officer had done a wrongful one. The court was striking out evidence of the commission by the defendant of a crime, because the officer had failed to perform his full duty, or rather because the officer of the government had gone beyond the terms of his duty in its performance, and had undertaken to destroy the liquor which he found.

I do not see how, if a correct warrant was issued and valid seizure was made by the officer, the government was to be deprived of the evidence properly secured because the officer at this point undertakes himself to play judge and jury, as well as officer, and destroys the liquor.

This proceeding is between the United States and the defendant, who is accused of violating its law, and the government should not be deprived of the evidence legally seized because of the *subsequent* misconduct of the officer in destroying the liquor.

The Supreme Court has held that an *illegal search and seizure* prevented the introduction in evidence of the things seized and the facts discovered during such illegal search, but they never have held, where a search and seizure was legal, that because of some subsequent misconduct of the officer this evidence against the defendant should be denied to the government. The court cites cases where the officer himself was sought to be held responsible for the result of his wrongful act, and where he was a party to the case, and was sought to be held responsible, and his subsequent wrongful act was given a retroactive effect, so as to make him a trespasser ab initio.

For these reasons I decline to follow the rule in these two cases, and hold that where a valid warrant was issued, and under it a valid seizure was made, the evidence so secured can be introduced in evidence, notwithstanding the officer thereafter may have destroyed the liquor himself, without bringing it in for an order of condemnation, and may also have failed to make a full and proper return on the warrant of his doings under it.