## · HURLEY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. July 18, 1924.)

No. 1640.

1. **Intoxicating liquors ☞248—Affidavit held sufficient as basis for issuance of search warrant.**

The affidavit of a police officer *held* to state facts sufficient to authorize the issuance of a search warrant to search defendant's tenement for intoxicating liquors.

2. **Criminal law ☞395—Intoxicating liquors ☞249—Unlawful act of officers does not render property lawfully seized incompetent as evidence.**

The fact that officers executing a search warrant for intoxicating liquors unlawfully destroyed certain property seized did not render their seizure of liquor unlawful, nor render it incompetent as evidence.

In Error to the District Court of the United States for the District of Massachusetts; George F. Morris, Judge.

Criminal prosecution by the United States against Daniel M. Hurley. Judgment of conviction, and defendant brings error. Affirmed.

Michael A. Henebery, of Worcester, Mass., for plaintiff in error.

Elihu D. Stone, Sp. Asst. U. S. Atty., of Boston, Mass.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JOHNSON, Circuit Judge.   Two questions are raised by this writ of error:   (1) Whether the commissioner who issued a search warrant could find probable cause for its issue from the evidence before him.   (2) Whether the officer who served the warrant, having destroyed part of the property seized by him, became a trespasser ab initio, so that other property, intoxicating liquors, with the equipment for the manufacture of the same, seized upon the same search warrant, could not be used in evidence; a petition for its return having been seasonably filed.

[1] We find no merit in the contention that the commissioner acted in an unauthorized manner in finding probable cause for issuing a warrant.   It was applied for by a prohibition agent, accompanied by the affidavit of a police officer in the city of Worcester, in the district of Massachusetts, in which the officer stated that, at different times, he had seen men enter the ·tenement in Worcester of the plaintiff in error and emerge therefrom within a reasonable time in an intoxicated condition; that upon one day shortly before the warrant was issued he saw ten men enter this tenement within 40 minutes, and on six days before the warrant was issued he saw nine men· go into it and three come out intoxicated; that upon the same day he saw two men go to the door of the tenement, who were met by the plaintiff in error and told by him, in answer to an inquiry for beer from one of them, "I am sorry boys, I am all sold out;" and that he had smelled a strong odor of distilled liquor coming from the premises at least twice.

Section 25 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) provides that:

"No search warrant shall issue to search any private dwelling [house] occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

It also provides that a search warrant "may issue as provided in title XI, Public Law No. 24 of the Sixty-fifth Congress, approved June 15, 1917," popularly known as the "Espionage Act," which act provides that "a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched" (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c), and further provides that "the affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist" (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼e).

The affidavits filed with the commissioner fully met the requirements of the statutes and the facts disclosed in them were sufficient to authorize the commissioner to find probable cause.   A warrant was accordingly issued, authorizing the officers to search the premises of the plaintiff in error and to seize "intoxicating liquors containing more than one-half of 1 per cent. of alcohol and fit for beverage purposes," together with certain property designed and intended for the manufacture of intoxicating liquor.

This warrant was served by a federal prohibition agent, who made upon it the following return:

"July 15, 1922. By virtue of the within warrant, I have this day searched the within described premises and have seized therein, and conveyed to a place of safety, to wit, the following described liquors and property designed for the manufacture of intoxicating liquor, to wit:

"550 bottles beer;
"1 bottle capper;
"3 copper boilers;
"1 length rubber hose;
"1 5-gallon tin container 1/2 full of malt."

The plaintiff in error was indicted for the unlawful possession and unlawful manufacture of 550 pints, more or less, of intoxicating liquor.

Before trial was had on this indictment, the defendant filed a petition for a return of the property seized, accompanied by his affidavit, in which he stated that, in addition to the property which the officer in his return stated that he seized upon the warrant, he "destroyed the contents of two wash boilers, consisting of a concoction of malt and hops and one boiler consisting of steeping hops; that the contents of these boilers was intended for the manufacture of a harmless nonintoxicating beverage for private consumption and not intended for sale."

The petition was denied and at the trial the defendant was found guilty upon both counts in the indictment. At the conclusion of the evidence the defendant filed a motion to direct a verdict of not guilty, and the case comes here upon the court's denial of this motion.

There was sufficient testimony to sustain the verdict of the jury that the beer seized was intoxicating liquor, within the definition of the statute. It was analyzed by a chemist in the employ of the government on March 14, 1923, who found that it contained 3.27 per cent. alcohol, by volume, and that, while there would be some variation in the alcoholic content between the date of the search and seizure and the date of the analysis, it would not amount to the difference between one-half of 1 per cent. and 3.27 per cent.

The case was submitted to the jury with a charge, to which no exception was taken, and the only contention seriously made by the plaintiff in error is that the court erred in denying a motion to order a return of the property seized and the search warrant to be quashed, because of the act of the officer in destroying the contents of two wash boilers found by him upon the defendant's premises, one of which contained a concoction of hops and malt and the other of steeping hops, and also in denying a motion for a directed verdict of not guilty.

There was testimony that the officers found upon the premises three boilers, containing what they thought was beer in the process of fermentation, and that they destroyed the contents. Admitting this act of the officers was unauthorized and illegal, they did not, because of it, become trespassers ab initio in the seizure of the beer and equipment for manufacture of the same, under the same warrant.

[2] The officers were justified in seizing the fermenting mass which they found in the boilers for its evidentiary value to sustain the charge of unlawful manufacture, but they had no right to destroy the same without an order of the court. This act, however, did not destroy the

evidentiary value of the other property seized nor make the seizure of the same unlawful. At common law an unlawful distraint of certain articles of property does not make unlawful the distraint of other property seized at the same time. Dod v. Monger, 6 Mod. 215; Harvey v. Pocock, 11 M. & W. 740; 1 Smith's Lead. Cas. 137. Nor does a wrongful attachment of property render void the attachment of other property made at the same time. Wentworth v. Sawyer, 76 Me. 434, 441; Wheeler v. Raymond, 130 Mass. 247; Cone v. Forest, 126 Mass. 97, 101.

In Wentworth v. Sawyer, supra, the court said at page 442:

"Where the act done is wrongful, but is so merely as to a part of the goods, no wrong being done as to the residue, the wrong doer is a trespasser as to that part of the goods only in respect of which the wrongful act was done."

In Commonwealth v. Welsh, 110 Mass. 359, where the officers in the service of a search warrant broke open a safe and found therein intoxicating liquors, the court said:

"If the officer was guilty of any misconduct in his mode of serving the warrant, he may perhaps have rendered himself liable to an action, or indictment; but the fact that intoxicating liquors were found in the safe would not thereby be rendered incompetent as evidence."

See, also, Commonwealth v. Certain Intoxicating Liquors, 4 Allen (Mass.) 593.

The unauthorized and illegal act of the officer in destroying the fermenting mass in the boilers did not render his testimony as to his acts in the service of the warrant with which he was armed incompetent, nor render the search and seizure of the beer and equipment for its manufacture unlawful and in violation of the defendant's constitutional rights, so that they would not be competent evidence. We find no error in the denial of the motions to quash the warrant or to direct a verdict of not guilty.

The judgment of the District Court is affirmed.