## In re QUIRK.

(District Court, W. D. New York. September 3, 1924.)

No. 4500.

1. **Criminal law** ⚖️395—**Wrongful destruction of portion of liquor seized does not preclude use of evidence.**

The wrongful destruction of a part of the liquor seized under valid search warrant does not estop the government from using the evidence.

2. **Intoxicating liquors** ⚖️255—**Liquor seized under valid warrant cannot be destroyed without order of court.**

Under National Prohibition Act, tit. 2, §§ 25, 26 (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½mm), and in view of Espionage Act, tit. 11, §§ 12, 13, 16, 21 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼l, 10496¼m, 10496¼p, 10496¼u), liquor seized by prohibition agents under valid search warrant cannot be destroyed by such agents without order of court.

3. **Criminal law** ⚖️304(10)—**Judicial notice taken of regulations of Treasury Department for enforcement of Prohibition Act.**

Judicial notice is taken of Treasury Department's regulations for enforcement of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

In the matter of the application of Patrick Quirk for the return of certain liquors seized at 43 Kent street, in the city of Rochester, N. Y. Denied.

Hugh J. O'Brien, of Rochester, N. Y., for petitioner.

John S. McGovern, Asst. U. S. Atty., of Buffalo, N. Y., for the United States.

HAZEL, District Judge. When this motion for suppression of evidence first came before me, the main ground urged for vacating the search warrant was the insufficiency of the description of the premises searched by the federal prohibition agents—that the

dwelling house searched was not connected with the brick building used as a saloon by defendant at the corner of Platt and Kent streets, Rochester, in such a way as to bring it within the exception of section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m). The motion was denied.

Subsequently a petition for rehearing was filed, which alleged that during the progress of the search and seizure the agents destroyed a large quantity of liquor stored in defendant's dwelling house at the rear of the saloon but not connected therewith, in disregard of the commands contained in the warrant, and in violation of sections 25 and 26 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½mm). The search warrant in terms, and with particularity, authorized a search of the premises at "the southwest corner of Platt and Kent streets, in the city of Rochester, N. Y., which consists of a three-story brick building, containing a saloon or café, living or other room upstairs, cellar and other room connected therewith, and a small frame building connected with and forming a part of said brick building, where said liquor is held and possessed. * * * "

It is again urged that the affidavit upon which the search warrant issued did not disclose probable cause for its issuance, and did not describe the premises and place to be searched as required by the Constitution (Amend. art. 4) and Espionage Act, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v, 10212i), and that the dwelling searched was not prima facie shown to be used for the sale of intoxicating liquor, or in part for a business purpose, such as a store, shop, saloon, restaurant, or boarding house. The testimony relating to the brick saloon and frame building at the rear thereof and connected therewith is admittedly contradictory; the federal prohibition agents who executed the search warrant testifying that there is an entrance directly from the saloon part to the frame building and cellar part, thus warranting the inference that the dwelling house, in which large quantities of liquor was stored, was used to supply the saloon part, while the testimony on the part of the defendant was to the effect that the said building was wholly separated from the saloon and constituted no part thereof, and was used by defendant for dwelling only. In view of the indefiniteness and contradic-tory character of the testimony on this point, the question may be reserved to the trial.

[1] The principal point presented is whether the prohibition officers conducting the search exceeded their powers in summarily destroying part of the liquor seized in the dwelling house, consisting of a barrel of whisky, a barrel of wine, three gallons of gin, and a barrel of alcohol, during the execution of the search warrant, and whether such acts by them constituted a trespass, requiring the suppression of the evidence. It will be assumed that the search warrant was valid, and that probable cause existed for its issuance by the United States commissioner.

In U. S. v. Cooper (D. C.) 295 Fed. 709, upon which defendant relies, it was clearly held that prohibition agents searching premises described in a search warrant had no right to destroy intoxicating liquor found which was fit for beverage purposes, and their misconduct in this particular rendered the search warrant illegal, and evidence secured by them could not be used at the trial against the accused. I am unable to agree with this holding. It is true that, where authority to enter upon the premises of another is given by law and is subsequently abused, the party becomes a trespasser ab initio. It is so held in the early case of Allen v. Crofoot, 5 Wend. (N. Y.) 507, and numerous cases have since accepted this principle, but I am disinclined to rule that this doctrine, because of the alleged wrongful acts of the officers, requires that the evidence must be suppressed.

The Circuit Court of Appeals for the First Circuit, in Hurley v. U. S., 300 Fed. 75, had before it a similar question for decision. In that case it appeared that in addition to the property seized as shown by the return the prohibition agent executing the search warrant found a quantity of beer in process of fermentation which he immediately destroyed. The learned court said: "The officers were justified in seizing the fermenting mass which they found in the boilers for its evidentiary value to sustain the charge of unlawful manufacture, but they had no right to destroy the same without an order of the court. This act, however, did not destroy the evidentiary value of the other property seized nor make the seizure of the same unlawful. At common law an unlawful distraint of certain articles of property does not make unlawful the distraint of other property seized at the same time. Dod v. Monger, 6 Mod. 215;

Harvey v. Pocock, 11 M. & W. 740; 1 Smith's Lead. Cas. 137. Nor does a wrongful attachment of property render void the attachment of other property made at the same time." And, quoting from Wentworth v. Sawyer, 76 Me. 434: "Where the act done is wrongful, but is so merely as to a part of the goods, no wrong being done as to the residue, the wrongdoer is a trespasser as to that part of the goods only in respect of which the wrongful act was done."

In such a situation the officers misconducting themselves during a search render themselves liable to an action and indictment, without the fact, however, that intoxicating liquors found during the search are incompetent as evidence. Indeed, by the Espionage Act (title 11, § 21 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼u]) it is provided that an officer executing a search warrant, who willfully exceeds his authority, or exercises it with unnecessary severity, is liable to a fine of not more than $1,000 or imprisonment of not more than a year.

In the recent case of U. S. v. Clark (D. C.) 298 Fed. 533, there was also strong disagreement by the court with the rule of the Cooper Case, supra. The court substantially said that the officer had no power to pass judgment on the liquors to destroy them, since such power resided in the court alone, but failure of the officer in this respect to obtain an order of condemnation did not nullify all his acts under the warrant. If the search and seizure, the court said, had in fact been illegal, then under the reasoning of the Supreme Court the articles seized and the discovery of evidence during the illegal search could not be used; but since the search warrant was held to be valid, and the search and seizure was in compliance therewith, the wrongful act of the officer in destroying a part of the liquor does not estop the government from using the evidence. The reasoning of the decisions in the Hurley and Clark Cases, supra, is believed sound, and will be followed by me.

[2] The government, however, argues for a broader rule, namely, that the prohibition agents have the right to destroy the liquors without a court order. It is pointed out by the regulation promulgated by the Treasury Department under revenue laws that distilling apparatus of a certain kind, and which was impracticable for removal to a safe place of storage, may be destroyed by the officer; that it is shown that the prohibition agents executing the search warrant in question did in fact make a departmental return on form 407, wherein it was stated that the ground of destruction of part of the liquor seized was owing to the impracticability of removing it to a safe place of storage. This rule or regulation, limited to the destruction of certain stills, however, does not apply and is not consistent with sections 25 and 26 of the National Prohibition Act, for by section 26 it is substantially provided that, whenever intoxicating liquor transported or possessed illegally is seized, the officers shall proceed against the person arrested and "the court, upon conviction of the person so arrested, shall order the liquor destroyed"; while section 25 authorizes the issuance of a search warrant for illegal possession of liquor or property designed for the manufacture of the same, and states that "such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof," and the provision moreover empowers the court in a proper case to destroy the liquor or property seized "unless the court shall otherwise order."

In construing these provisions, Judge Morris, in U. S. v. Certain Quantities of Intoxicating Liquor (D. C.) 291 Fed. 717, substantially held that under section 26 the intoxicating liquors seized are subject to destruction without notice or hearing, but that under section 25, where there has been no conviction, there must be notice of hearing before destruction or disposition thereof. The learned court said: "The words, 'if it is found,' etc., imply that there must be notice and hearing before any disposition of the liquor or property seized can be disposed of by the court. An essential difference between the two sections of the statute is that under the provisions of section 25 a question of fact is left open for the determination of the court. If upon hearing it is found that the liquor was being 'unlawfully held, or possessed, or had been unlawfully used,' it is then subject to destruction or such other order as the court may make."

[3] It is true that the commissioner has the power to make regulations with the approval of the Secretary of the Treasury for carrying out the provisions of the National Prohibition Act, and judicial notice is taken of such a rule. Indeed, such a regulation would have force of law; but a rule or regulation giving to prohibition agents power to destroy property or evidence seized would, as already stated, be inconsistent with the provisions of the act. Congress in express language, instead of giving the right to departmental officers to destroy intoxicating

liquor fit for beverage purposes, seized under a search warrant, has not only declared the offense, but has also provided that the liquor seized under warrant should be brought into court for adjudication—a provision that is entirely in consonance with sections 12, 13, and 16 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼l, 10496¼m, 10496¼p) which not only directs the manner of executing search warrants and requiring a return to the United States commissioner issuing it of property found, but also directs the restoration of property seized upon showing that the property taken is not the same as that described in the warrant, or that there is no probable cause to believe the existence of the grounds on which the warrant was granted. It makes no difference that the liquor seized may have been contraband, since the agents were not the judge of its outlaw character. No analogy is found in cases wherein, under state statute, for example, a game protector is authorized to summarily destroy fishing nets, or where a health officer under local conditions in authorized to abate a public nuisance.

The prohibition agents in this district should be admonished that they have no legal right to summarily destroy liquors or property seized under a search warrant, and though it is conceivable that at times, when large quantities of liquor are seized, especially when a part of it is believed injurious, or not fit for beverage purposes, inconvenience may arise in the procurement of a court order for destruction after notice to the possessor, still inconvenience and asserted impracticability must yield to the mode of procedure provided by Congress.

The motion of defendant to quash the search warrant is denied.