## UNITED STATES v. GRIFFIN.

(District Court, E. D. Pennsylvania, June Sessions, 1926.)

No. 1717.

Criminal law ⟨key⟩394—Unlawful acts of officers executing lawful search warrant does not make evidence obtained inadmissible (Const. Amend. 4; Espionage Act [Comp. St. §§ 10212a–10212h]).

That officers, in executing a lawful search warrant, committed unlawful acts, does not render inadmissible evidence lawfully seized, under Const. Amend. 4, or Espionage Act (Comp. St. §§ 10212a–10212h).

Criminal prosecution by the United States against Samuel Griffin. On motion to quash search warrant and to suppress evidence secured thereunder. Denied.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

Herbert W. Salus, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. When this motion was first heard, United States v. Cooper (D. C.) 295 F. 709, had been reported. We reached the same conclusion which Judge Brewster had reached, but placed it on different grounds. The reasoning in the Cooper Case began with the proposition that the destruction of a large part of the property seized, having been without warrant of law, made the officers trespassers ab initio, and the seizure itself unlawful. We were unable to see that the commission of a trespass affected or even touched the real question, which was wholly one of constitutional immunity from unreasonable searches and seizures. A seizure under a lawful warrant could not be held to be an unreasonable one, but a

seizure not in accord with the Fourth Amendment would not be lawful. Congress could not lessen the immunity granted by the Fourth Amendment, but it might extend it, which was done under the provisions of the Espionage Act (Comp. St. §§ 10212a–10212h).

The proposition thus stands that a seizure not in conformity with the Espionage Act is not a lawful seizure, and, being unlawful, is unreasonable. The district attorney cannot offer what was seized in evidence unless he has it, and he has it by virtue of the return of what was seized. If it was not thus returned, he does not have it, and he does not lawfully have it, unless the return conforms to the requirement of the law. There are, inter alia, three elements in the requirements of the Espionage Act: (1) The issuance of a warrant; (2) a seizure; and (3) the return of what was seized. We upheld the legality of the issuance of the warrant, and hence refused to quash the writ. We likewise upheld the lawfulness of the seizure, but found there has not been a compliance in respect to the return. As it was through the return to the writ that the district attorney had possession of the evidence, we set aside the return and suppressed the evidence.

A very similar situation was presented in the case of Daeufer-Lieberman Brewing Co. v. U. S. (C. C. A.) 8 F.(2d) 1, except that there only property rights were in question, not human rights as here. There the unlawfulness, as here, was not in the issuance of the warrant, but again, as here, in the mode of its execution and return. The trial court there, as here, had refused to quash the warrant, but had again, as here, set aside the return. The ruling of the appellate court was that the execution of the writ and the return gave the possession, and, as the execution and return was unlawful, the possession was unlawful, and that there was in consequence no lawful possession to found a condemnation of the property returned as seized. If the result followed in respect to property rights, we assumed the argument was a fortiori in respect to human rights.

Later the cases of U. S. v. Clark (D. C.) 298 F. 533, Hurley v. U. S. (C. C. A.) 300 F. 75, and In re Quirk (D. C.) 1 F.(2d) 484, were reported, not only refusing to follow the reasoning of Judge Brewster in the Cooper Case, but rejecting also the conclusion we had reached in the instant case. A reargument was accordingly granted, but we adhered to the conclusion before reached. Subsequently to this the case of McGuire v. U. S., 47 S. Ct.

259, 71 L. Ed. —— (Advance Reports), was ruled by the Supreme Court. The Circuit Court of Appeals for the Second Circuit, in 6 F.(2d) 576, did not determine the case on the pending writ of error, but certified two questions, neither of which, unfortunately, directly raised the question before us, although the two cases are in all respects on all fours in their facts.

One question was whether the officers who executed the search warrant, because they had destroyed much of the property seized, instead of returning it, were trespassers ab initio, and the second question was, if they were trespassers ab initio, whether the property which had been returned was admissible in evidence against the defendants. The Supreme Court, being of opinion that the question of whether the officers were trespassers ab initio or ad ultimo had nothing to do with the real question, which was one of the rights of the defendants under the Fourth and Fifth Amendments, declined to answer the first question as certified. This left the case without any second question to be answered.

The court, however, after noting this situation, interpreted the question as one of whether the property which had been returned should have been rejected as evidence against the defendant. This question was answered in the negative. The lesson to be drawn would thus be clear enough, except for the following rather anomalous situation: The trial court, after the conviction of the defendants, was moved to grant a new trial because of the admission of this evidence. This the court refused to do, because there had been no objection made to the evidence and no exception taken to its admission. U. S. v. McGuire (D. C.) 300 F. 98.

If this were all, the lesson to be learned would still be clear enough, because the ruling would simply be that the trial court had committed no error in admitting the evidence. The Circuit Court of Appeals, however, had certified to the Supreme Court that an objection to the evidence had been seasonably made and an exception to its admission had been duly allowed at the trial. This gives a wholly different complexion to the ruling made by the Supreme Court. Inasmuch as what was directly before the court was the question certified by the Circuit Court of Appeals, and the ruling in the trial court was not thus directly presented, we see no escape from the view, pressed upon us by the learned district attorney, that the Supreme Court answered the question which they did answer as interpreted and formulated in the light of

the record fact situation presented to them by the Circuit Court of Appeals. This means that the evidence secured through this search warrant may properly go in evidence and that our order suppressing it was erroneous.

The order made is in consequence revoked, and it is now ordered as follows:

1. The motion to quash the search warrant is denied.

2. The motion to set aside the return as not in accordance with the Espionage Act is allowed.

3. The motion to suppress the evidence secured under the search warrant is denied.