## BRIESE v. STATE OF INDIANA.

[No. 25,197. Filed November 24, 1926. Rehearing denied December 22, 1926.]

1. CRIMINAL LAW.—*Specifications of reasons for new trial held waived.*—Specifications of reasons for a new trial are waived where not supported by authorities or mentioned in the "Points and Authorities" in appellant's brief. p. 643.

2. CRIMINAL LAW.—*Evidence considered on appeal.*—In passing on the sufficiency of evidence to sustain a conviction, an appellate tribunal must accept as true all evidence tending to sustain it and reject all evidence to the contrary. p. 644.

3. INTOXICATING LIQUORS.—*Finding that defendant did not possess or sell intoxicating liquor not equivalent to finding that he did not maintain liquor nuisance.*—In a prosecution for having unlawful possession of intoxicating liquor, selling intoxicating liquor and maintaining a liquor nuisance, a finding that the defendant was not guilty of the first two charges was not equivalent to a finding that he did not maintain a place where such liquors were kept for sale or where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, as one could be guilty of maintaining such a place without having the liquor in his own possession. p. 644.

From St. Joseph Circuit Court; *Cyrus E. Pattee,* Judge.

Albert Briese was convicted of maintaining a liquor nuisance, and he appeals. *Affirmed.*

*Coughlen & Paden* and *John G. Yeagley,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was convicted of maintaining a nuisance, as defined by §24 of an act concerning intoxicating liquors. Acts 1925 p. 144, 154, §2740 Burns 1926. An affidavit in three counts charged him with: (1) Unlawfully possessing intoxicating liquor; (2) unlawfully maintaining and assisting to maintain a common nuisance, described as being a room and place where intoxicating liquor was kept for sale, barter and delivery in violation of the laws

of this state, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage; and (3) unlawfully selling, bartering, exchanging, giving away and furnishing intoxicating liquor "to one John Doe, whose true and full name is to affiant unknown." The cause was tried by the court and defendant was found guilty (of maintaining a nuisance) as charged in the second count of the affidavit, but not guilty as charged in the first and third counts. Overruling the motion asking a new trial for the alleged reason that the finding is not sustained by sufficient evidence is assigned as error. Other specifications in the motion for a new trial are waived by the failure to mention them in appellant's points and authorities or to support them in any way. After the state had rested its case, a motion for judgment in favor of the defendant on the third count of the affidavit because of a variance between the allegations of that paragraph and the proof as to the name of the person to whom intoxicating liquor was sold, was sustained, and judgment was rendered accordingly.

There was evidence, which, if believed, fairly tended to prove that the defendant unlawfully maintained and assisted in maintaining a place where intoxicat-
2.   ing liquors were kept for sale in violation of law and where persons were permitted to resort for the purpose of drinking intoxicating liquor. And in passing on the sufficiency of the evidence to sustain the finding, this court must accept as true all evidence which tends to sustain it and reject all evidence to the contrary.

The mere fact that the trial court found the defendant not guilty of making the sale to "John Doe" which was charged in the third count, and not guilty
3.   of unlawfully possessing intoxicating liquor as charged in the first count, did not amount to a

finding that he did not maintain nor assist to maintain a room and place where intoxicating liquors "were kept" for sale and delivery in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage. One who maintained or assisted to maintain such a place need not necessarily have had the liquor in his own possession which was sold to or drunk by the persons who resorted there for unlawful purposes.

The judgment is affirmed.