### SOVICH *v.* STATE OF INDIANA.

[No. 13,598. Filed July 5, 1929. Transfer denied January 29, 1931.]

*McMahon & Conroy, Herbert S. Barr* and *Arthur E. Letsinger,* for appellant.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

NEAL, J.—Appellant was charged by affidavit in two counts, viz.: (1) The unlawful possession of intoxicating liquor; (2) maintaining a common nuisance, pursuant to §§2717 and 2740 Burns 1926 respectively. Appellant entered a plea of not guilty. Before trial, appellant filed a verified motion to suppress and reject all evidence obtained by the officers during an alleged illegal search of his premises. The State answered by a general denial and the issue was then submitted to the court for determination. Evidence was introduced, and the court overruled the petition to suppress. Thereafter, upon trial, appellant was found guilty as charged in the first count and the court pronounced judgment on the verdict and overruled appellant's motion for a new trial.

The error assigned is the overruling of the motion for a new trial, which presents the following causes for our consideration: (1) Error in overruling the motion to suppress; (2) the verdict of the jury is contrary to law; (3) the verdict is not sustained by sufficient evidence.

The motion to suppress is substantially as follows; That the State of Indiana has in its possession a certain "pop" bottle containing a small amount of "moonshine" whisky which it proposes to introduce in evidence upon trial of this appellant; that it also intends to offer as evidence what was said and done by the officers at the time of the alleged search and seizure of the "pop"

bottle containing whisky on the premises of appellant; that the "pop" bottle containing "moonshine" whisky does not belong to appellant and that the officers of the state seized it under an unlawful search and seizure; that the officers entered appellant's place without the consent of appellant; that the officers, during the search, broke through a solid brick wall, pulled down shelves upon which preserves and fruit had been stored; destroyed a part of the sidewalk just outside of appellant's premises and, with the use of a crow bar, loosened a cement block in appellant's chimney and there found the "pop" bottle containing "moonshine" whisky. That the search and seizure was unlawful in this, to wit: (1) That the search warrant with which the officers were armed shows on its face that it was issued 1733 years before the affidavit was executed; (2) that the search warrant never was served upon nor read to nor the consent obtained or the right of search waived in any manner by appellant; (3) that, by reason of the manner of the execution of the search warrant by the officers, they were and are guilty of malicious trespass, and such search and seizure was made in violation of the federal and state Constitutions, and the laws of Indiana.

Appellant contends that if the officers, although acting under a valid search warrant, in the execution thereof, wantonly and maliciously destroyed the property of appellant, such search and seizure thereby becomes unlawful and the evidence thereby obtained should be suppressed; that such act or acts of the officers are in violation of cl. 11, Art. 1 (Bill of Rights) Constitution (§63 Burns 1926) which, in part, reads: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable search or seizure shall not be violated."

The rights vouchsafed to our citizens by the Constitution of the United States and of the State of Indiana

are, and always should be, zealously guarded by those intrusted with the judicial branch of our government. If officers armed with a search warrant enter the home of one of our citizens and, without cause, maliciously destroy property, the courts should unhesitatingly denounce such conduct. In the case of *State* v. *Guthrie* (1897), 90 Me. 448, 38 Atl. 368, the learned judge, in considering the duty of an officer intrusted with a warrant, used the following language: "It is a sharp and heavy police weapon to be used most carefully lest it wound the security of the citizen. It was unknown to the early common law and came into use almost unnoticed in the troublous time of English history. Lord Coke denied its legality, but finally the courts and Parliament, recognizing its great efficiency, contented themselves with carefully restricting and controlling its use. The danger of its abuse has been so clearly apprehended in this country that constitutional barriers have been erected against it." And again, in the case of *Buckley* v. *Beaulieu* (1908), 104 Me. 56, 71 Atl. 70, the court said: "The constitutional limitation upon its use is to be observed by the officer executing the warrant, as well as by the magistrate issuing it."

Although the act or acts of the officers in executing a valid search warrant may be reprehensible, and even should they constitute a malicious trespass and subject the officer or officers to respond in damages (24 R. C. L. 726, and authorities cited) it does not follow that the incriminating evidence obtained by the officers is thereby rendered inadmissible upon trial.

In the case of *Commonwealth* v. *Welsh* (1872), 110 Mass. 359, the court said: "If the officer was guilty of any misconduct in his mode of serving the warrant, he may perhaps have rendered himself liable to an action, or indictment; but the fact that intoxicating liquors were

found in the safe would not thereby be rendered incompetent as evidence."

In this case, if the officers in the execution of the search warrant, without cause, and in utter disregard of the rights of appellant, maliciously destroyed his property, they would, in a proper action, be compelled to respond in damages, nevertheless their unauthorized acts, if such be the case, do not render the evidence obtained inadmissible. *Hurley* v. *United States* (1924), 300 Fed. 75; *Commonwealth* v. *Dana* (1841), 2 Metc. (Mass.) 329; *Commonwealth* v. *Welsh, supra.* See *United States* v. *Clark* (1924), 298 Fed. 533.

Appellant has not presented under "Points and Authorities" the question, if any there be, as to the date of the search warrant, or the fact, if it be a fact, that the search warrant was never served upon nor read to, nor consent obtained, nor the right of search waived, mentioned in his motion to suppress, consequently they are deemed waived or abandoned. *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822; *Briese* v. *State* (1926), 198 Ind. 643, 154 N. E. 2.

Appellant has not challenged the sufficiency of the search warrant in his motion to suppress, except the date of search warrant above referred to, and, on appeal, has presented only the proposition of excessive force used by the officers in making the search.

The evidence discloses that a bottle containing "moonshine" whisky was found on the premises of appellant; that the officers observed at the time of the search a man in an intoxicated condition on appellant's premises and a glass near the sink which had the odor of moonshine whisky. There is some evidence tending to prove unlawful possession of intoxicating liquor. It necessarily follows that the evidence

is sufficient to support the verdict, and is not contrary to law. *Cazak* v. *State* (1925), 196 Ind. 63, 147 N. E. 138.

Judgment affirmed.