Kleespies v. The State.

the appellee, which calls in question the sufficiency of the complaint.

The judgment is affirmed, with costs.

Filed May 20, 1886.

----

No. 12,926.

KLEESPIES v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Renting or Permitting House to be Used for Gaming.*—*Description of Premises.*—Where, in an indictment for renting and permitting a house to be used for gaming, the premises are described as the defendant's building and room, at Clark county, such description follows substantially the language of the statute defining the offence, and is sufficient.

SAME.—*Indictment Need not Name Tenant.*—In such case it is not necessary that the indictment should state to whom the room or building was rented for gaming purposes, the renting of the room or building " to be used or occupied for gaming " constituting the public offence.

SAME.—*Practice.*—*Weight of Evidence.*—The Supreme Court will not, even in a criminal cause, disturb the verdict on the weight of the evidence.

SAME.—*Affidavits.*—*New Trial.*—*Newly Discovered Evidence.*—*Bill of Exceptions.*—*Record.*—Where affidavits in support of a new trial, on the ground of newly discovered evidence, were not made a part of the record by bill of exceptions or order of court, the alleged newly discovered evidence is not a part of the record, and can not be considered for any purpose.

From the Clark Circuit Court.

*J. B. Meriwether*, for appellant.

*F. T. Hord*, Attorney General, and *F. B. Burke*, Prosecuting Attorney, for the State.

HOWK, J.—In this case the appellant, George Kleespies, and one Louis Kleespies, were jointly indicted at the October term, 1885, of the court below, to wit, on the 26th day of October, 1885. The indictment contained two counts. The first count charged that at Clark county, " on the 1st day of

July, 1885, and continuously from that day to the day of making this presentment, Louis Kleespies and George Kleespies did then and there, and during all of said time, unlawfully suffer and knowingly permit their building and room, then and there situated, to be used for gaming, and did then and there, and during all of said time, unlawfully suffer and knowingly permit" six named persons, whose names we omit, "and divers other persons to the grand jurors unknown, to play at a certain game called faro, for money and other articles of value."

The second count charged "that at said county, on the 1st day of July, 1885, and from that day to the day of making this presentment, Louis Kleespies and George Kleespies did then and there, and during all of said time, unlawfully rent their building and room, then and there situated, to be used for gaming."

Upon their joint arraignment and plea of not guilty, the appellant and Louis Kleespies were jointly tried by a jury, and a verdict was returned into court finding Louis Kleespies not guilty, and finding appellant guilty, as charged in the indictment, and assessing his fine at two hundred and fifty dollars. Over his motion for a new trial, the court rendered judgment against the appellant on the verdict for the fine assessed and costs.

Errors are here assigned by appellant upon the overruling of his motions to quash each count of the indictment and his motion for a new trial.

Appellant's counsel first insists that each count of the indictment is insufficient, because the description of the building and room therein was too general and vague, and did not inform the defendants what room or building was permitted by them to be used, or rented by them to be used, for gaming purposes. We do not think that this objection is well taken as to either count of the indictment. In each count the premises are described as the defendants' building and room, at Clark county. This follows, substantially, the lan-

guage of the statute defining the offences, and is sufficient. *Padgett* v. *State*, 68 Ind. 46; *Hamilton* v. *State*, 75 Ind. 586.

It is further objected by appellant's counsel, that " the second count does not state to whom the room or building was rented for gaming purposes." It was not necessary that the count should state the name of the tenant. Under the statute, it is the renting of the room or building " to be used or occupied for gaming," which constitutes the public offence; and the renting for such use is charged in the second count with sufficient clearness and certainty. Section 2079, R. S. 1881. These are the only objections pointed out by appellant's counsel to either count of the indictment, and neither of such objections seems to us to be well taken.

Under the alleged error of the court, in overruling the motion for a new trial, appellant's counsel very earnestly insists that the verdict of the jury is not sustained by the evidence. The case is not a strong one on the evidence, but we think there is evidence in the record tending to sustain the verdict on every material point. In such case this court will not, even in a criminal cause, disturb the verdict or reverse the judgment on the weight or sufficiency of the evidence. *Long* v. *State*, 95 Ind. 481; *Murphy* v. *State*, 97 Ind. 579; *Dolke* v. *State*, 99 Ind. 229; *Clayton* v. *State*, 100 Ind. 201; *Padgett* v. *State*, 103 Ind. 550.

Appellant's counsel further claims that the motion for a new trial ought to have been sustained, on the ground of newly discovered evidence. This cause for a new trial seems to have been supported by certain affidavits therewith filed. But these affidavits were not made a part of the record of this cause either by a bill of exceptions or by an order of the court, or in any manner known to our law. The alleged newly discovered evidence, therefore, is not in any proper or legal sense a part of the record of this cause, and can not be considered here for any purpose. This is settled by our decisions. *Fryberger* v. *Perkins*, 66 Ind. 19; *Williams* v. *Potter*,

72 Ind. 354; *Chambers* v. *Kyle*, 87 Ind. 83; *Harrison School Tp.* v. *McGregor*, 96 Ind. 185; *Shields* v. *McMahan*, 101 Ind. 591.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

