## OELFKE v. STATE OF INDIANA.

[No. 24,177. Filed January 2, 1923.]

1. CRIMINAL LAW.— *Appeal Briefs.— Sufficiency.— Points and Authorities.—Rules of Court.*—On appeal from a judgment of conviction in a prosecution for embezzlement, where appellant's brief, under the heading of "Points and Authorities," does not contain separately numbered propositions or points stated concisely and without argument, under separate heading, but appellant merely sets forth a series of abstract propositions of law, without applying any of them to any specific ruling of the trial court, the brief does not comply with Rule 22, clause 5, governing the preparation of briefs. p. 603.

2. APPEAL.—*Briefs.—Waiver of Error.—Ruling on Motion for New Trial.*—Where neither the motion for a new trial, nor the substance thereof, is set out in appellant's brief, all questions sought to be presented thereby are waived. p. 603.

3. APPEAL. — *Briefs. — Searching Record.* — Where appellant's brief fails to make clear what error is complained of, and is in such condition that the question whether error was committed cannot be determined from it, the court on appeal will not search the record to find error. p. 603.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Prosecution by the State of Indiana against George Oelfke. From a judgment of conviction, the defendant appeals. *Affirmed.*

*David E. Smith* and *William C. Geake,* for appellant.
*U. S. Lesh,* Attorney-General, and *Connor. D. Ross,*
for the state.

WILLOUGHBY, J.—The appellant was convicted of em-
bezzlement. After a motion for a new trial was over-
ruled and judgment rendered upon the verdict, appel-
lant appealed and the only error assigned is the over-
ruling of appellant's motion for a new trial.

The motion for a new trial is not set out in appellant's
brief nor the substance of it stated therein.

Appellant's brief, under the heading of "Points and
Authorities," does not contain separately numbered
propositions or points stated concisely and with-
1. out argument, under separate headings as re-
quired by Rule 22, clause 5, of the Supreme Court.
The appellant merely setting forth a series of abstract
propositions of law, without applying them, or any of
them, to any specific ruling of the trial court.

The attorney-general, in appellee's brief, after point-
ing out the above defects in appellant's brief, contends
that no question is presented to this court for
2, 3. review. No attempt has been made by the appel-
lant to amend his brief. The contention of the
attorney-general must be sustained.

When neither the motion for a new trial, nor the sub-
stance thereof, is set out in appellant's brief, all ques-
tions sought to be presented thereby are waived. *State,
ex rel.* v. *Birden, Trustee* (1918), 187 Ind. 466, 119 N.
E. 865; *Robbins* v. *Bank* (1917), 186 Ind. 573, 117 N.
E. 562; *Pugh, Admr.,* v. *Cleveland, etc., R. Co.* (1915),
184 Ind. 350, 110 N. E. 193; Ewbank's Manual (2d ed.)
§182a; *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N.
E. 578.

Where, as in this case, appellant's brief fails to make
clear what error is complained of and is in such con-

dition that the question whether error was committed cannot be determined from it, the court on appeal will not search the record to find error. *Wheeler* v. *State* (1919), 188 Ind. 228, 122 N. E. 769; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593; *Dorsey* v. *State* (1913), 179 Ind. 531, 100 N. E. 369; *McCrocklin* v. *State* (1920), 189 Ind. 254, 126 N. E. 678.

No question being presented for the consideration of this court, the judgment is affirmed.

Townsend, J., absent.