### BIDDLE *v.* STATE OF INDIANA.

[No. 24,811.   Filed June 28, 1927.]

1. CRIMINAL LAW.—*Plea in abatement must precede plea of not guilty.*—A plea in abatement must be pleaded before a plea of not guilty, and a trial court should not permit the filing of such a plea thereafter. p. 287.

2. CRIMINAL LAW.—*Overruling plea in abatement filed after plea of not guilty was not error.*—When a plea in abatement is improperly pleaded, it should be rejected on motion to that effect, but where the issue presented by such plea was submitted to the court and the finding was in favor of the state, the same result was reached, and there was no error. p. 287.

3. CRIMINAL LAW.—*Error in overruling motion to suppress evidence must be assigned as cause for new trial under clause 1 of statute.*— Alleged error in overruling a motion to suppress evidence, made and ruled on before the trial, was not error of law "occurring at the trial" (cl. 7, §2325 Burns 1926), but must be specified as "order of the court . . . by which the defendant was prevented from having a fair trial," under clause 1 of said section.  p. 287.

4. CRIMINAL LAW.—*Motion for new trial on ground of error of law "occurring at the trial" presents no question as to ruling on motion to suppress evidence ruled on before trial.*—A motion for a new trial on the ground of "error of law occurring at the trial" (cl. 7, §2325 Burns 1926) presents no question for review on appeal as to a ruling on a motion to suppress evidence, made and ruled on before trial, as action of the court before the beginning of the trial cannot be assigned as error of law "occurring at the trial."  p. 287.

5. CRIMINAL LAW.—*Evidence considered on appeal.*—In determining whether the evidence is sufficient to sustain a finding of guilty, the Supreme Court will consider only the evidence favorable to the state, together with the inferences and conclusions to be drawn therefrom, and evidence contradictory thereof will not be considered.  p. 289.

6. CRIMINAL LAW.—*Supreme Court will consider inferences flowing from established facts as well as testimony of witnesses.*—In determining whether the evidence is sufficient to sustain the verdict of a jury or the finding of the court, the Supreme Court will consider, not only the testimony of the witnesses, but also such inferences as flow naturally from established facts.  p. 290.

7. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for having possession of a still and distilling apparatus for the manufacture of intoxicating liquor.  p. 290.

From Marion Criminal Court (56,149); *W. W. Thornton*, Special Judge.

Morris Biddle was convicted of having possession of and using a still and distilling apparatus for the purpose of manufacturing intoxicating liquor, and he appeals. *Affirmed.*

*Holmes & McCallister*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was prosecuted by affidavit for a violation of §1, ch. 33, Acts 1923 p. 107.

The charging part of the affidavit is as follows: That Morris Biddle, on or about January 10, 1924, at and in the county of Marion, State of Indiana, did then and there unlawfully and feloniously have in his possession and under his control a certain still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of this state and did then and there use said still and distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state.

On a plea of not guilty, the appellant was tried by the court without a jury and the court found him guilty as charged and that his age was 26 years, and that he should be fined $100 and costs and be imprisoned in the Indiana reformatory for a term of not less than one nor more than five years. Judgment was rendered on this finding and from such judgment this appeal is taken. The only assignment of error is that the court erred in overruling appellant's motion for a new trial. The appellant's motion for a new trial contained four specifications of error: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law; (3) error of law occurring at the trial in this that the court erred in overruling defendant's plea in abatement; (4) error of law occurring at the trial in this that the court erred in overruling the defendant's motion to suppress evidence.

It appears from the record that judgment was entered July 28, 1924. The affidavit was filed against appellant on February 23, 1924, in the office of the clerk of the Marion Criminal Court. On March 3, 1924, the appellant appeared in person and by counsel and waived arraignment and entered a plea of not guilty. Afterward, on June 12, 1924, the defendant appeared in said court after a change of venue from the judge had been taken and filed a verified plea in abatement, and afterward, on June 13, 1924, the defendant appeared in person and by

counsel, and the prosecuting attorney appeared and the state filed a general denial to the plea in abatement, and the plea in abatement was submitted to the court for trial and evidence heard and the court found in favor of the State of Indiana.

Section 389 Burns 1926, provides that, an answer in abatement must precede, and cannot be pleaded with, an answer in bar, and the issue thereon must be tried first and separately. If the issue be found against the answer, the judgment must be that the party plead over, and against him for all costs of the action up to that time.

Appellant alleges as his third specification of error in his motion for a new trial that the court erred in overruling his plea in abatement. It appears from the record that the plea in abatement was filed after appellant had pleaded not guilty. In the face of the statute, the trial court had no right to permit the appellant to plead in abatement after he had answered in bar. A person who pleads matter in abatement must plead it in accordance with the statutory command and, if he disobeys it, his plea should be rejected on motion. *Brink* v. *Reid* (1890), 122 Ind. 257, 23 N. E. 770; *Watts, Trustee,* v. *Sweeney* (1891), 127 Ind. 116, 26 N. E. 680; *Carmien* v. *Cornell* (1897), 148 Ind. 83, 47 N. E. 216. The same result was reached in this case by overruling his plea in abatement. The court did not err in overruling such plea.

Afterward, on July 28, 1924, the defendant appeared in person and by counsel, and with permission of the court withdrew his plea of not guilty and filed a motion to suppress evidence. In such motion, the evidence sought to be suppressed is described as follows, to wit: certain implements, coils, containers, pipes and stoves alleged to be implements for the manufacture of intoxicating liquor and distilling apparatus; also barrels, containers and contents thereof alleged

to be mash for the manufacture and distillation of intoxicating liquor, for the reason that said things above described were taken by police officers of the city of Indianapolis, without due process of law. That in said search, said police officers seized the things hereinabove described, arrested the defendant, and now propose to use said things so unlawfully seized as evidence against the defendant in the trial of this cause for the purpose of convicting this defendant of a violation of the prohibition laws of the State of Indiana. That by said unlawful search and seizure, defendant was compelled to furnish evidence against himself in the prosecution of this cause in violation of defendant's constitutional rights and privileges. It appears from the record that this motion was filed and ruled on before the beginning of the trial. Action of the court on motions made before the beginning of the trial cannot be assigned in said motion for a new trial as "error of law" occurring at the trial. *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443. The overruling of this motion is stated in the motion for a new trial as error of law occurring at the trial and excepted to by the party making the application, while the record shows that the motion was filed and disposed of before the trial began. To present any question on the ruling on this motion, it should have been assigned as error under the first clause of §2325 Burns 1926 which provides that, "The court shall grant a new trial to the defendant for the following causes or any of them: First. Irregularities in the proceedings of the court or jury, or any order of the court, or abuse of discretion, by which the defendant was prevented from having a fair trial." The fourth specification of error in the motion for a new trial in this case is not properly assigned and presents no question for the consideration of this court. *Volderauer* v. *State* (1924), 195 Ind. 415, 424, 143 N. E. 674; *Bush* v. *State, supra.*

In determining whether the evidence is sufficient to sustain a finding of guilty, the court on appeal will consider only the evidence most favorable to the prevailing party, together with the inferences and conclusions to be drawn therefrom, and evidence contradictory thereto will not be considered. *Lee* v. *State* (1921), 191 Ind. 515, 519, 132 N. E. 582.

The evidence most favorable to the state is, that on January 8, 1924, the appellant, Morris Biddle, was living with his wife and child, a boy about six years old, at 710 N. Noble street, in Indianapolis, Indiana; that on said date, January 8, 1924, a lieutenant of police, Harley Jones, came to the house with two other policemen and served a search warrant on appellant's wife and searched the place and found upstairs a 100-gallon still in operation; forty-one gallons of white mule whisky, 1,700 gallons of mash in thirty-four fifty-gallon barrels, five gas stoves and fourteen empty five-gallon jugs.   That, while the officers were there, appellant telephoned in and his wife told him that the officers had got the still and appellant said he would be home right away; when appellant came home, the officers placed him under arrest; when the officers came they got upstairs by going through the house; the door leading upstairs from the first story was standing wide open; the house at 710 N. Noble street is a two-story building with nine rooms, five rooms downstairs; the appellant denied the testimony of the state's witnesses and testified that he lived in the downstairs part of the house, and had nothing to do with the upstairs except that he had sublet it to a fellow named Hobart Smith; that Smith had moved in three days before appellant moved into the downstairs portion of the house; that he paid $50 per month rent for the entire house and that Smith paid him $20 per month and furnished half the coal and the telephone; that appellant

had five rooms down stairs, two of which were rented to roomers; that he had nothing to do with the operation of the still found upstairs and that he had no knowledge that there was a still in the house; that appellant did not see Smith move in and did not know what Smith placed in the house and that he did not know there was no furniture in Smith's part of the house until the officers took him upstairs; that he paid the electric bills and Smith paid the telephone bills.

In determining whether the evidence is sufficient to sustain the verdict of the jury, or the finding of the court, this court will consider, not only the positive
6. testimony of the witnesses, but also such inferences as flow naturally from established facts. *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826; *Schulmeyer* v. *State* (1919), 188 Ind. 463, 124 N. E. 490.

The finding of the trial court is sustained by sufficient evidence and is not contrary to law. No revers-
7. ible error appearing in the record, the judgment is affirmed.