## ONSTOTT *v.* STATE OF INDIANA.

[No. 24,332. Filed May 9, 1928.]

*William J. Reed* and *C. C. Campbell,* for appellant.
*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Dale F. Stansbury,* for the State.

WILLOUGHBY, C. J.—The appellant was tried for having intoxicating liquor in his possession for the purpose of unlawfully disposing of it in violation of ch. 250,

Acts 1921 p. 736. He was tried by jury and convicted and sentenced to serve ninety days on the penal farm and fined $275. A motion for a new trial was overruled and judgment rendered on the verdict.

The errors relied on for reversal as stated in appellant's brief are: (1) The Starke Circuit Court erred in assuming jurisdiction to try this cause; (2) the Starke Circuit Court erred in overruling appellant's motion to dismiss this cause for want of jurisdiction to try it; (3) the Starke Circuit Court erred in overruling defendant's motion to suppress the evidence; (4) the Starke Circuit Court erred in overruling appellant's motion for a new trial.

The first and second errors relied on arise out of the claim of appellant that the Starke Circuit Court did not have jurisdiction to try the cause, because the proceeding was commenced by the filing of an affidavit in the city court of Rochester, Indiana, and that the defendant was tried, convicted and sentenced in said city court and appealed to the Fulton Circuit Court; that he then took a change of venue from the Fulton Circuit Court to the Starke Circuit Court, and the objection raised against the jurisdiction of the Starke Circuit Court is that the record does not show that an affidavit charging the appellant with the offense was filed in the Fulton Circuit Court and transmitted to the Starke Circuit Court with the transcript on change of venue, with the other papers in the cause.

The appellant, in his brief under "Points and Authorities," says that the Starke Circuit Court had no jurisdiction to try the cause for the reasons above stated, and refers to §§2239 and 2240 Burns 1926, and claims that the court to which the venue was changed has no juris-diction of the cause until the transcript and original papers are duly filed in the clerk's office of the court to which the change is granted, and he further states

that the transcript must show that an affidavit or indictment had been filed in the Fulton Circuit Court and that, when a change of venue was taken from the Fulton Circuit Court to the Starke Circuit Court, the Starke Circuit Court did not have jurisdiction to try the cause unless the transcript showed that the affidavit in question had been filed in the Fulton Circuit Court. But, it appears by the return to a writ of certiorari that, before the trial, the record had been corrected by *nunc pro tunc* entries so that at the time of such trial it shows that the appellant was tried and convicted in the city court of Rochester, then appealed to the Fulton Circuit Court, and from there took a change of venue to the Starke Circuit Court, and that the affidavit on which he was tried and convicted in the city court of Rochester was duly certified and delivered to the Fulton Circuit Court on appeal and from there to the Starke Circuit Court on change of venue and was duly and regularly on file in the Starke Circuit Court when appellant was tried. This return to the writ of certiorari shows that the Starke Circuit Court had jurisdiction to try the offense charged.

In proposition three, appellant contends that the evidence upon which the appellant was convicted was procured under an unlawful search warrant and introduced over the objection of appellant. If this contention is true, the verdict is not sustained by sufficient evidence. See *Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817.

In *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697, it is said that errors assigned on appeal are waived when not stated in the "Points and Authorities" part of appellant's brief and supported by argument or authorities.

The appellant's motion to suppress evidence is, in substance, as follows: That on March 14, 1922, the

defendant was living at his home near Rochester and that the marshal of the city of Rochester and others, with a pretended search warrant, searched the premises occupied by appellant. That the search warrant was issued without authority of law and that they obtained liquor, some containers and information by use of the search warrant, which they would not otherwise have obtained, and that the defendant asked to have the liquor and containers returned to him, and the same as evidence and any information obtained by the use of the search warrant be suppressed. It will be observed that the appellant says that the search warrant was issued without any authority of law but he does not point out why it was without any authority of law. In fact, he does not discuss the alleged illegality of said search warrant in "Points and Authorities" in discussing the sufficiency of the evidence. The only objection pointed out to the evidence is, as appellant says, that it was procured by virtue of an illegal search warrant. We cannot ascertain from any facts set forth in appellant's brief that the issue of said search warrant and the sufficiency of it violated any of the constitutional rights of the appellant.

The appellant argues that the verdict is not sustained by sufficient evidence and is contrary to law because the evidence upon which the verdict was based was procured under said illegal search warrant, and it is not contended that the evidence is insufficient if it had been lawfully procured.

One who appeals from the judgment of a trial court must present a record which affirmatively shows error in such trial by which the appellant was harmed. *Kirschbaum* v. *State* (1925), 196 Ind. 512, 149 N. E. 77.

In *Briles* v. *State* (1927), 198 Ind. 689, 154 N. E. 659, it is held that no question as to the overruling of a mo-

tion for a new trial is presented on appeal where the propositions of law stated in appellant's brief are not addressed to any of the specifications for new trial.

In *Land* v. *State* (1926), 198 Ind. 342, 151 N. E. 823, it is held that in order to present for review the exclusion of evidence, appellant's brief must point out the place in the record where the questions and ruling of the court may be found. The errors assigned on appeal will not be considered when appellant has not accompanied points to be considered by appropriate points and authorities.

In *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277, it is held that rulings of the court which are assigned as causes for a new trial are waived if not properly presented in appellant's brief on appeal.

In *Denny* v. *City of Muncie* (1925), 197 Ind. 28, 149 N. E. 639, it is held that assignments of error which are not supported by argument or citation of authorities will be considered as waived.

In *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822, it is held that a cause for new trial not presented as alleged error has been waived or abandoned.

In *Kirschbaum* v. *State, supra,* it is held that the presumption being in favor of the regularity and correctness of the rulings of the trial court, it is incumbent on appellant to present a transcript that affirmatively shows the commission of the error complained of.

In *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674, it is held that a ruling on a motion to return confiscated liquor to the defendant, made before the trial, could not be made a separate assignment of error, but should be presented to the trial court as ground for a new trial under the first clause of §2158 Burns 1914, §2325 Burns 1926. And that the officers who arrested the defendant, charged with transporting liquor in an automobile, searched his automobile without a warrant

cannot be urged for the first time on appeal under the specifications of a motion for new trial.

In discussing this question in *Biddle* v. *State* (1927), 199 Ind. 284, 157 N. E. 280, this court said: "It appears from the record that this motion was filed and ruled on before the beginning of the trial. Action of the court on motions made before the beginning of the trial can not be assigned in said motion for a new trial as error of law occurring at the trial. *Bush* v. *State*, 189 Ind. 467, 128 N. E. 443. The overruling of this motion is stated in the motion for a new trial as error of law occurring at the trial and excepted to by the party making the application while the record shows that the motion was filed and disposed of before the trial began. To present any question on the ruling on this motion, it should have been assigned under the first clause of §2325 Burns 1926, which provides that: 'The court shall grant a new trial to the defendant for the following causes or any of them: First. Irregularities in the proceedings of the court or jury, or any order of the court, or abuse of discretion, by which the defendant was prevented from having a fair trial.'" See, also, *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163.

Except so far as the record is made affirmatively to show that error was committed, we must presume that all rulings of the trial court were correct. *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130, 142 N. E. 1; *Coleman* v. *State* (1925), 196 Ind. 649, 149 N. E. 162.

No reversible error being shown in the record, the judgment is affirmed.