## Eva v. State of Indiana.

[No. 26,074.   Filed March 17, 1932.]

*George Panea,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* Special Assistant Attorney-General, for the State.

ROLL, J.—This is an appeal from a judgment of the Lake Criminal Court entered on June 29, 1931, in a proceeding, by affidavit, brought by appellee under the

provisions of §§2717 and 2740 Burns 1926, in which appellant was found guilty of two offenses, to wit, (1) unlawful possession of intoxicating liquor, and (2) maintaining a nuisance.

On the day set for trial, appellant filed a petition to suppress and reject certain evidence which had been obtained by a search of appellant's premises by virtue of a search warrant. Appellee filed an answer in general denial to appellant's petition to suppress, and the court, after hearing evidence, overruled said motion. Trial was had before the court, resulting in a finding of guilt on both counts of the affidavit. Appellant's motion for a new trial was overruled.

On appeal, appellant assigns as an independent error the overruling of his motion to suppress and reject evidence. It has been held by this court that a motion to suppress and reject evidence is properly presented for review by a motion for a new trial, under the first subdivision of §2325 Burns 1926, Acts 1905 p. 584, and not as an independent error. *Chappelle* v. *State* (1925), 196 Ind. 640, 641, 149 N. E. 163; *Morgan* v. *State* (1926), 197 Ind. 374, 378, 151 N. E. 98; *Nelson* v. *State* (1928), 200 Ind. 292, 163 N. E. 95; *Onstott* v. *State* (1928), 200 Ind. 37, 42, 161 N. E. 267. In the case of *Nelson* v. *State, supra,* this court said: "The action of the court in overruling appellant's motion and petition to suppress evidence and quash the search warrant cannot be assigned as an independent error on appeal."

Appellant's first reason for a new trial is stated thus: (1) "Error of law occurring at the trial in this, to wit: That the court denied defendant's petition to suppress and reject certain evidence." It is urged that the question is properly presented by this assignment of error in his motion for a new trial. Appellee contends that such an assignment presents no question

for review and cites *Biddle* v. *State* (1927), 199 Ind. 284, 157 N. E. 280; *Nelson* v. *State, supra.* In the case of *Biddle* v. *State, supra,* this exact question was presented and decided. The court said: "The overruling of this motion [meaning motion to suppress] is stated in the motion for a new trial as error of law occurring at the trial and excepted to by the party making the application, while the record shows that the motion was filed and disposed of before the trial began. To present any question on this motion, it should have been assigned as error under the first clause of §2325 Burns 1926 which provides that, 'The court shall grant a new trial to the defendant for the following causes or any of them: First. Irregularities in the proceedings of the court or jury, or any order of the court, or abuse of discretion, by which the defendant was prevented from having a fair trial.' " In the case of *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443, the defendant questioned the action of the court in overruling his challenge to a juror, and assigned as a cause in his motion for a new trial that such a ruling was "an error of law occurring at the trial," which is one of the causes for a new trial as stated in the seventh clause of §2325 Burns 1926. But the court points out in this case that the action of the court complained of did not occur during the trial, and for that reason the question was not presented. We think this question is no longer open for argument in this state, and we, therefore, hold that appellant has not presented to this court any question touching the correctness of the lower court's ruling on his motion to suppress, by his first cause for a new trial.

Appellant's assignment of errors contains nine specifications, and the first specification is that the court erred in overruling appellant's motion for a new trial. This is the only error properly assigned by appellant in his assignment of errors.

We have discussed appellant's first specification in his motion for a new trial. Appellant's second, third and fourth specifications in his motion for a new trial relate to certain questions asked by the prosecuting attorney. The first question objected to was as follows: "Did you search the premises of the defendant at 3736 Euclid Avenue, East Chicago, Indiana?" The second question: "Did you have a search warrant at that time?" And the third question was: "As such deputy did you and Harold F. Miner and another deputy serve a search warrant on the premises of the defendant at 3736 Euclid Avenue in this county?" Appellant also complains of the introduction of certain liquor found on his premises in evidence. Appellant does not set out in his motion for a new trial his reasons for objecting to the questions or to the introduction in evidence of the liquor found, nor to the answers of the witness to such questions. It was said by this court in the case of *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581, that: "The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the questions themselves, must be presented, together with his grounds of objection, in order for a determination to be made by this court of the existence of harmful error, and the court will not search the record for the evidence adduced by the questions complained of." The rule as announced in the case just cited has been consistently followed by this court, and, while it has been held that it is not necessary to set out in detail the answers given, yet it is necessary to point out with reasonable certainty the evidence concerning the admission of which complaint is made, *Coryell* v. *Stone, Exr.* (1878), 62 Ind. 307; *Ball* v. *Balfe* (1872), 41 Ind. 228; *Grant* v. *Westfal* (1877);

57 Ind. 121; *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29, and cases there cited.

Appellant complains in his fifth specification for a new trial of a remark made by the court to the effect that: "The court is tired of ruling on those objections, let the record show that the court will disregard those objections that mean nothing." It is insisted by the State that no question is presented by this specification in appellant's motion for a new trial, as it is not in the record by a bill of exceptions. The record outside the motion for a new trial does not show such an incident as that recited occurred. Matters of this character cannot be shown by mere recitals in the motion for a new trial, but must be brought into the record by a bill of exceptions. *Heath* v. *State* (1910), 173 Ind. 296, 300, 90 N. E. 310, 21 Ann. Cas. 1056, and cases there cited. Even if we could consider the question as presented, it is difficult to see how such a remark was harmful to appellant. There is no showing made by the briefs that appellant was denied any right whatever. We, therefore, conclude that this cause should not be reversed because of such remark made by the court.

Appellant's sixth and seventh grounds for a new trial question the sufficiency of the evidence to support the verdict. Inasmuch as appellant makes no attempt to set out the evidence or the substance thereof in his brief, he thereby waives any error, if any, presented thereby. *Oelfke* v. *State* (1923), 192 Ind. 602, 604, 137 N. E. 553, and cases there cited. Rule 22, fifth subdivision, of the Supreme Court provides that: "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

No reversible errors being shown, this case is affirmed.