## Senchia v. State of Indiana.
[No. 26,030.   Filed May 18, 1932.]

*George Panea,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was prosecuted by affidavit in two counts, filed in the Lake Criminal Court. The first count charged the crime of unlawful possession of intoxicating liquors, §2717 Burns 1926, Acts 1925 p. 144, and the second count charged the maintenance of a nuisance, §2740 Burns 1926, Acts 1925 p. 144, §24. Appellant was found guilty of unlawful possession of intoxicating liquor as charged in the first count of the affidavit.

Appellant, before trial, filed his verified motion to quash the affidavit for a search warrant and to suppress certain evidence, to which motion appellee filed an answer in general denial. After evidence was heard, the court overruled said motion, to which ruling appellant excepted at the time. Trial was had resulting in a finding and judgment of guilty as above stated.

Appellant filed his motion for a new trial and assigns five reasons therefor. The only reason urged and discussed in his brief under Points and Authorities is the third reason. The other four reasons are not discussed nor in any way urged or supported in appellant's brief.

Specifications of error in a motion for a new trial are waived by failure to mention them in appellant's

522

Points and Authorities or to support them in any way. *Briese* v. *State* (1926), 198 Ind. 643, 154 N. E. 2; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277.

Appellant's third assignment of error in his motion for new trial is as follows: "3. Error of law occurring at the trial, in this, to-wit: That the court erred in denying defendant's motion to quash affidavit for search warrant, the search warrant, and the return thereon, and to suppress evidence." Alleged errors in denial of a motion to suppress evidence procured by an alleged illegal search and seizure is not reviewable, where assigned on motion for a new trial as "an error occurring at the trial." *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443; *Biddle* v. *State* (1927), 199 Ind. 284, 157 N. E. 280; *Onstott* v. *State* (1928), 200 Ind. 37, 161 N. E. 267. Error of the trial court in the overruling of a motion to suppress evidence must be specified as a cause for a new trial under §2325, subd. 1, Burns 1926 and not as an independent error. *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163; *Eva* v. *State* (1932), *ante* 340, 180 N. E. 183.

Appellant's second, third and fourth assignment of errors present no question, as they are only proper reasons to assign in a motion for a new trial. They were properly assigned as reasons in his motion for a new trial, but appellant has waived any error by failing to present them in his brief under Points and Authorities, or to mention them in any way.

No available error being presented, the judgment of the lower court should be affirmed.

Judgment affirmed.