STARR PIANO COMPANY *v.* SCHERER

[No. 14,566. Filed May 20, 1933.]

*Harry F. Kennerk, J. H. Ruick* and *Mart J. O'Malley,* for appellant.

*Huber M. De Voss, Clark J. Lutz* and *Burr Glenn,* for appellees.

BRIDWELL, J.—On and prior to May 6th, 1919, appellee, Murray J. Scherer, was engaged in business in the City of Decatur, Indiana, conducting an undertaking establishment and also selling musical instruments, using two rooms of the same building, in one of which was kept his musical instruments, and in the other the caskets and other merchandise used in connection with a general undertaking business. On said date he sold to appellees Samuel Black and Charles Oetting his undertaking business and all merchandise on hand for use in connection therewith for cash, and the purchasers took possession thereof on the day of sale. No notice was given to the creditors of said Scherer of said sale. At the time of sale Scherer was indebted to the appellant for merchandise sold to him in connection with his musical instrument business and after the said sale he continued to buy pianos from appellant until the total amount of his indebtedness to appellant was $1,355.76. On August 29th, 1919, appellee Scherer executed his negotiable promissory note to appellant covering the indebtedness owing, including the amount owed at the time of sale to appellees Black and Oetting as well as the amount owing because of subsequent purchases by Scherer, which note appellant accepted and retained, and thereafter, on the 29th day of January,

1920, said Scherer executed and delivered to appellant his check drawn on the First National Bank of Decatur. Indiana, in the sum of $1,509.55 in payment of said note. This check was not paid and appellant brought an action against appellee Scherer on said check in the Adams Circuit Court. Appellees Black and Oetting were made defendants to said action and such further proceedings were had that on October 18th, 1921, a judgment was rendered in said cause in favor of appellant and against Scherer for $1,698.64 and it was further ordered that Black and Oetting be appointed as receivers and that "they make and pay out of the business and assets of the property held by them as receivers plaintiff's (appellant's) claim in full together with the costs and charges in this behalf laid out and expended." No appeal was taken from this judgment and it has never been paid, nor have Black and Oetting been discharged as receivers, but are continuing to act as such under authority of said Adams Circuit Court where such receivership has remained pending since October 18th, 1921. On the 18th day of December, 1925, the said Adams Circuit Court entered of record an order and decree *vacating and setting aside* that part of its judgment entered on October 18th, 1921, which provided that the receivers "make and pay out of the business and assets of the property held by them as receivers plaintiff's claim in full together with the costs and charges in this behalf laid out and expended." In the judgment rendered December 18th, 1925, it was also ordered that the receivers "make out and file a full and complete inventory and statement in affidavit form of the assets and property they received from the defendant, Murray J. Scherer, from the sale of merchandise to them in bulk as alleged in the second paragraph of complaint, and file the same in open court or with the Clerk of this court," and further that "all claimants

and creditors claiming to have and hold any debt or liability owing by said Murray J. Scherer, at the time said transfer of merchandise was made by him to said Samuel Black and Charles Oetting, are ordered to file such debts or liabilities as claims duly verified with said receivers within thirty days from this date, and said receivers are ordered to file said claims with the clerk of this court." No appeal was taken from this judgment, and, pursuant to the order made, appellant filed its claim in the said Adams Circuit Court and by medium of changes of venue taken by the parties it reached the Huntington Circuit Court where it was heard and determined and it is from the judgment rendered on this claim by said court, that this appeal is prosecuted.

Appellant's claim is in two paragraphs. The first paragraph alleges in substance that at the time of the sale of the assets involved in the receivership proceeding by Scherer to Black and Oetting, that Scherer was indebted to appellant in the sum of $1,511.44 for goods, wares and merchandise sold and delivered to Scherer by appellant, which amount is due and unpaid. An itemized account of the merchandise sold was attached to and made a part of the claim. The second paragraph alleges that at the time of the sale by Scherer to Black and Oetting the said Scherer was indebted to appellant in the sum of $1,509.58; that on January 29th, 1920, said Scherer executed and delivered to claimant (appellant) his check in payment of said indebtedness, which check was duly presented to the bank upon which it was drawn and payment thereof refused; that afterwards, on February 18th, 1920, claimant brought suit on said check in the Adams Circuit Court against said Scherer, and thereafter on September 24th, 1920, claimant filed its second paragraph of complaint to which Black and Oetting were made defendants and that on October

18th, 1921, judgment was entered in said cause in its favor against said Scherer for $1,698.64 and costs and further "that Samuel Black and Charles Oetting, defendants herein, be and they are hereby appointed receivers herein and said receivers are hereby orderd to make and pay out of the business and assets of the property held by them as receivers, plaintiff's said claim in full together with the costs and charges in this behalf laid out and expended." The affidavit constituting a part of this paragraph of claim avers that said sum of $1,698.64 is due, owing and unpaid.

Appellees Samuel Black and Charles Oetting, as receivers, filed answer in five paragraphs, summarized as follows: (1) A general denial. (2) That the goods, wares and merchandise for which claim is filed were all purchased subsequent to the sale of assets of Scherer to Black and Oetting. (3) That on the — day of May, 1919, they, Black and Oetting, purchased from their codefendant Scherer a certain stock of merchandise in bulk; that thereafter said Scherer executed to the Starr Piano Company a certain promissory note for the sum of $1,353.76 and delivered said note to the said company as payment in full of all claims and demands which said Scherer owed to claimant for goods, wares and merchandise, which goods, etc., were purchased both prior and subsequent to the sale in bulk by Scherer to Black and Oetting, and that at the time of the filing of the claim herein, the said receivers were not indebted to the Starr Piano Company in any amount; that the sums set out in the claim and alleged to be due for merchandise sold to Scherer had been paid and fully discharged by said promissory note. It also averred that on the 18th day of February, 1920, the claimant brought suit on said note against the said Scherer, in the Adams Circuit Court, and that said suit is now pending. (4) That on the — day of May, 1919, Black and Oetting

purchased from Scherer the undertaking business in bulk, and nothing more; that at the time of the sale Scherer was also engaged in the business of selling musical instruments, in a room separate and apart from said undertaking business, and as an independent business; that no part of the merchandise used in the musical instrument business was sold in bulk, or otherwise, to said Black and Oetting; that after the sale of said undertaking business said Scherer continued to conduct said musical instrument business and contracted the indebtedness for which claim is filed; that after the sale to Black and Oetting the said Scherer, on August 29, 1919, executed and delivered to the Starr Piano Company his promissory note for $1,353.76 in payment of all sum due at that time from the said Scherer to said company for merchandise theretofore purchased; that on the 18th day of February, 1920, the said Starr Piano Company filed a complaint on said note in the Adams Circuit Court which suit is still pending; that afterwards said Scherer executed and delivered to said company a check in the sum of $1,509.55 in payment of said note; that the Starr Piano Company filed a complaint in the Adams Circuit Court on said check and, on October 18th, 1921, judgment was rendered in favor of said plaintiff and against said Scherer, and in said judgment an interlocutory order was made declaring said Black and Oetting receivers, and that they make and pay out of the business and assets of the property held by them as receivers the claim of the Starr Piano Company in full, with the costs and charges laid out and expended; that thereafter on December 18th, 1925, said interlocutory order was vacated, set aside and held for naught by the said Adams Circuit Court; that the only claims which the Starr Piano Company have against the said Scherer is the note dated August 29th, 1919, upon which suit is pending, and a check under

date of January 29th, 1920, both executed subsequent to the sale in bulk by Scherer to Black and Oetting. and that the claim filed for goods, wares and merchandise was fully paid and satisfied by the said note and check; that by reason of the facts stated the claimant ought not recover on either paragraph of the claim filed. (5) That the plaintiff's cause of action did not accrue within six years before the filing of the claim. A reply in general denial to the affirmative paragraphs of answer closed the issues.

The cause was submitted to the court for trial and by request the court made its special finding of facts and stated conclusions of law thereon as follows: (1) "That the law is with the defendants, Samuel Black and Charles Oetting, Receivers. (2) That there is nothing due the plaintiff, The Starr Piano Company, from the defendants, Samuel Black and Charles Oetting, receivers, on the claim herein filed, and that said defendants recover their costs." Appellant excepted to each of said conclusions and judgment was rendered in accordance with the conclusions stated. Appellant filed its motion for a new trial alleging as causes therefor that the decision of the court is not sustained by sufficient evidence; that the decision is contrary to law; and, that the court erred in admitting in evidence certain exhibits consisting of letters, invoices, and transcripts of judgments rendered by the Adams Circuit Court. This motion was overruled to which action appellant excepted and thereafter perfected this appeal, the sole error assigned being that the court erred in overruling its motion for a new trial.

There is evidence to establish and the court, in its special finding, found the facts to be as hereinbefore stated in this opinion. In addition to such facts the court further found that the amount of indebtedness owing by said Scherer to appellant at

the time of the sale of the undertaking business to Black and Oetting was $400, and that the note given by Scherer to appellant for the sum of $1,355.76 on August 29th, 1919, was payable in bank and was *taken and accepted* by appellant as *payment in full* of all accounts due and owing from Scherer to appellant, including the $400 which was due at the time of the sale of the undertaking business on May 6th, 1919, and there is evidence in the record to support the finding of facts in this respect. We therefore conclude that the decision of the court is sustained by sufficient evidence and is not contrary to law.

The admission of certain exhibits in evidence is questioned, but the motion for a new trial fails to state the grounds of any objection made to any one of said admitted exhibits. The objection, or its substance, should be stated in order to present for review the alleged error. *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183; *Inter-Ocean Casualty Co.* v. *Wilkins* (1932), 96 Ind. App. 231, 182 N. E. 252; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Wabash, Portland Cement Co.* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5.

Finding no reversible error the judgment is affirmed.