GARNER *v.* STATE OF INDIANA.

[No. 28,516.   Filed July 5, 1949.]

*Nathan R. Glover*; and *C. C. McGuire,* (of counsel), both of Gary, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor,* Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

JASPER, J.—The appellant was charged with contributing to delinquency of child, under § 10-812, Burns' 1942 Replacement (1947 Supp.). Appellant waived a trial by jury, the cause was submitted to the court on a plea of not guilty, finding and judgment were entered against the appellant and sentence followed.

The appellant alleged as error both the overruling of her motion for a new trial and her supplemental motion for a new trial.

The appellant alleged as a ground for error the overruling of her application, motion and request for a continuance. At no place in the transcript or brief are the application, motion and request for a continuance set out, nor is the action of the court on such application, motion and request for a continuance set out, and therefore there is no question raised on appeal for review by this court. *Oelfke* v. *State* (1923), 192 Ind. 602, 137 N. E. 553; *Eva* v. *State* (1932), 203 Ind. 340, 345, 180 N. E. 183.

As another ground for new trial, the appellant alleged error in the overruling of the motion on the ground of newly discovered evidence. The affidavits setting out the newly discovered evidence, upon which the appellant bases her contention for a new trial, are not in the bill of exceptions, and therefore raise no question for this court. *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915; *Butler et al.* v. *State* (1945), 223 Ind. 260, 60 N. E. 2d 137; *Bowling* v. *State* (1942), 220 Ind. 497, 44 N. E. 2d 171; *Soucie* v. *State* (1941), 218

Ind. 215, 31 N. E. 2d 1018; *Kleespies* v. *State* (1886), 106 Ind. 383, 7 N. E. 186. Even though the affidavit was in the bill of exceptions in *Sullivan et al.* v. *State* (1937), 212 Ind. 79, 6 N. E. 2d 951, this court stated that newly discovered evidence must be such as will probably change the result on a new trial; that it must appear that due diligence was used in obtaining the newly discovered evidence, and that it is not cumulative or impeaching. In this case the appellant was charged with contributing to delinquency of Elizabeth Joan Sawyer. Her testimony, standing alone, would be sufficient to convict the appellant. The only purpose of the affidavits would be to impeach two of the witnesses, and therefore do not come within the rules set out in the above case. The newly discovered evidence is purely of an impeaching and contradictory nature. *Bowling* v. *State, supra; Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147.

As a further ground for new trial, the appellant alleged error in overruling her alleged claim of accident and surprise. There is no showing at any place in the record of either accident or surprise, and the alleged error is based on the two affidavits filed with the motion for a new trial claiming newly discovered evidence, and therefore not being in the bill of exceptions raise no question for review by this court. *Butler et al.* v. *State, supra.*

Appellant further alleges that the judgment of the court was not sustained by sufficient evidence and was contrary to law.

The testimony of Elizabeth Joan Sawyer was that she was thirteen years of age, that she had known the appellant for two or three weeks, and that she was in the appellant's house, and that the appellant told her to have intercourse with men, and that she did have sexual relations with different men,

that each of them gave her five dollars, which she gave to the appellant, and that the appellant gave her back two dollars. Although the evidence is contradicted, this court cannot weigh evidence, and, if there is any evidence upon each of the material facts, this court must sustain the findings and judgment of the lower court. *Ritter* v. *State* (1946), 224 Ind. 426, 67 N. E. 2d 530; *Kleespies* v. *State, supra.*

As further grounds, under appellant's supplemental motion for a new trial and assignment of errors, appellant alleges error in refusing to allow the appellant's attorney to interview Elizabeth Joan Sawyer, in denying the appellant's verified petition to see and interview Elizabeth Joan Sawyer, and in refusing to admit the appellant to bail pending her appeal to the Supreme Court of Indiana. These grounds will be discussed together.

The "Petition for Interview With Witness" was filed on December 27, 1948, long after the trial and judgment against the appellant; and all of the other grounds, as above set out, took place long after the finding and judgment against the appellant, and these are not proper matters to be presented on appeal in this case.

Error is alleged by the appellant in being sentenced to the Indiana Women's Prison rather than to the county jail. Section 13-616, Burns' 1942 Replacement, requires that all female delinquents who are above the age of commitment to the Indiana Girls' School, and whose punishment consists of confinement in the county jail for more than thirty days, shall be sentenced to the correctional department of the Indiana Women's Prison. Therefore, in conformity with this statute, the appellant was properly sentenced.

There being no reversible error, the judgment is affirmed.

NOTE.—Reported in 86 N. E. 2d 675.