HIMELSTEIN BROTHERS, INC. *v.* THE TEXAS COMPANY.

[No. 18,622. Filed April 15, 1955. Rehearing denied May 27, 1955.]

*Louis H. Dunten, Ora R. Kuhlman* and *Solly K. Frankenstein,* all of Fort Wayne, for appellant.

*William F. McNagny, Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

KENDALL, J.—Appellant brought this suit in the lower

court against the appellee to set aside a default judgment rendered against the appellant in the sum of Fifteen Hundred ($1500.00) Dollars.

The second amended complaint alleged that the appellee obtained judgment through appellant's mistake, inadvertence and excusable neglect. We do not find any allegation in the amended complaint alleging that the appellant had a meritorious defense, although evidence on that issue was admitted during the trial of this action. To the amended complaint, appellee filed appropriate answer.

Cause was tried to the court resulting in a judgment adverse to appellant.

Motion for new trial contends that the finding of the court is not sustained by sufficient evidence and is contrary to law; that the court, in absence of appellant, entered judgment in the case without giving appellant opportunity to have the finding of facts and conclusions of law, which appellant contends the court made, incorporated in the record; that the findings of the court contained in a letter dated December 8, 1953, was not sustained by sufficient evidence and is contrary to law; that the trial court erred in refusing appellant's request to make the letter containing the purported findings a part of the record.

Assignment of errors are:

(1)	Error in overruling appellant's motion for new trial;

(2)	Error in refusing to admit into evidence on the hearing for a new trial appellant's Exhibit A, being a letter signed by the trial judge and mailed to the parties, which has been referred to in appellant's motion for new trial;

(3)	Error of court in entering its findings in this action in the absence and without notice to the parties.

Appellant's contention that the decision of the trial court was not sustained by sufficient evidence is without merit in this case. The appellant had the burden of proof in the trial court where there was an adverse finding against him. It is well established that a negative decision cannot be attacked upon grounds of lack of evidence. *Granger's Estate* v. *Gosport Cemetery Ass'n* (1954), 124 Ind. App. 686, 118 N. E. 2d 386 (transfer denied), and cases therein-cited.

Appellant's second assignment of error is the court's refusal to admit into evidence appellant's Exhibit A on a hearing of motion for new trial, which Exhibit purports to be a letter signed by the trial judge and mailed to the respective parties. Purported Exhibit A is referred to in Bill of Exceptions Number Two; however, it is not made a part of said Bill. This court cannot tell from an examination of the Bill of Exceptions Number Two what is contained in the intended Exhibit A. Failure to incorporate said Exhibit in the Bill of Exceptions Number Two renders it impossible for this court to consider the alleged error of the court in refusing its admission into evidence. Error cannot be predicated upon an alleged error of the trial court in refusing the admission of Exhibit A when the contents are not disclosed by the Bill of Exceptions. *Garner* v. *State* (1949), 227 Ind. 503, 86 N. E. 2d 675. Even if the Exhibit was properly before this court in the Bill of Exceptions Number Two, it would constitute nothing more than an oral opinion of the trial court, which opinion in itself is not a proper item of a Bill of Exceptions. In this case neither party requested a special finding of facts. Counsel for appellant admitted during the progress of the hearing on the motion for new trial that said purported Exhibit A was a general finding made by the court so if it was

before this court for consideration, it would constitute nothing more than mere surplusage. It is well recognized that an opinion of a trial court is not a proper part of the record when special finding of facts are not requested; that such opinion cannot be considered on appeal for the reason that all presumptions are in favor of the correctness of the ruling made.

In the case of *Katterhenry* v. *Arensman* (1915), 183 Ind. 347, 108 N. E. 101, the court said:

> "The trial court in deciding the case prepared and filed a written opinion in which it stated the issues presented, and discussed ·the law and the evidence in giving the reasons upon which the decision was based. No special finding of facts was requested and the opinion does not purport to find the facts specially. It was embodied in the sixth cause of appellants' motion for a new trial but it has no proper place in the record and it cannot be considered on appeal. *Hinshaw* v. *Security Trust Co.* (1911), 48 Ind. App. 351, 93 N. E. 567."

Appellant waived assigned error number three by failure to comply with Rule 2-17(e) of the Supreme Court in that they failed to discuss said alleged error and cite any authorities therefor. The only other proper assignment left for consideration is whether the decision of the trial court is contrary to law. The principal question therefore being whether there is sufficient proof of mistake, inadvertence or excusable neglect on the part of appellant's counsel to compel a conclusion contrary to that reached by the court.

The amended complaint proceeds upon the theory that the judgment should be set aside on account of alleged excusable neglect of appellant's counsel in failing to enter his appearance on the trial docket of this particular case. Appellant relies upon §2-1068, Burns' 1946 Replacement. We find no

fault with appellant's argument that courts have an inherent power to set aside judgments where one litigant has obtained an unfair advantage of his adversary through fraud, inadvertence, surprise, accident, mistake or otherwise; however, courts have held that what constitutes mistake, inadvertence or excusable neglect would in another court be held differently and that the question is one to be determined by the particular facts of each case. *Williams* v. *Grooms et al.* (1889), 122 Ind. 391, 24 N. E. 158.

This court is asked to excuse counsel's neglect in entering his appearance for two reasons—first, he contends that he asked the deputy clerk to enter his appearance for him, which was not done; second, he alleges and so testified that the summons and a copy of the complaint were misplaced on his desk by his secretary when she was straightening out the papers. The evidence shows that the counsel went to the court house, after being contacted by the secretary of appellant corporation, where he procured a copy of the complaint; that he told the deputy clerk he wished to enter his appearance for appellant; that the deputy clerk was unable to find the docket sheet for this case at that time, which was between 3:00 and 4:00 in the afternoon, and that counsel informed the deputy clerk to enter his appearance when she found the docket sheet. No evidence was presented that counsel ever checked the record further to determine whether or not his appearance had been entered. Evidence disclosed that counsel knew nothing about the judgment until several weeks thereafter when he was informed of its rendition by the secretary of appellant corporation who had been advised by Dun & Bradstreet that the judgment had been rendered. The counsel testified that his secretary re-arranged various papers in straightening up his desk

which was during tax-paying time, which the counsel said accounted for the reason that he failed to notice and pay any more attention to the summons. The attorney was unable to identify positively the deputy clerk with whom he allegedly talked and instructed to enter his appearance. The attorney's testimony was contradicted by the deputy clerk who ordinarily sits at the desk to the right as one enters the Clerk's Room which was the desk where the girl sat to whom counsel testified he requested to enter his appearance. The deputy clerk recalled no conversation as related by counsel and testified, "We have never had a lost blank sheet."

Another deputy clerk testified that she recalled no request to enter counsel's appearance in the case.

The burden of proof rested upon the appellant in this case. After hearing all of the evidence and observing the witnesses, the trial court found against the appellant. To disturb the decision of the lower court, we would have to weigh the evidence. This, we cannot do. Under the facts presented, we cannot substitute our opinion for that of the trier of the facts. To do so, this court would have to say there is no evidence in the record to sustain the finding of the trial court. The general rule is that a decision of the trial court will not be interfered with when it is supported by any evidence.

In the case of *The Western Union Telegraph Company v. Griffin* (1890), 1 Ind. App. 46, 27 N. E. 113, the defendant endeavored to set aside a default judgment because the clerk violated his promise to keep counsel advised. There was evidence that the clerk admitted making the promise. In this case, the deputy clerk recalled no conversation as testified to by appellant's counsel. In the Western Union case, *supra*, notwithstanding the clerk did not keep his word, the trial court

denied the application to set aside the default and its action was sustained on appeal. See also *Rastovaski* v. *Betz* (1930), 91 Ind. App. 5, 169 N. E. 926; *Krill* v. *Carlson* (1920), 74 Ind. App. 47, 128 N. E. 612.

Appellant relies upon the case of *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E. 148, which was an appeal from setting aside a default judgment. There the attorney who failed to enter his appearance was Attorney General of Indiana who also maintained a private law office. In his affidavit to substantiate his theory of excusable neglect, he set out the particular duties which he was at that time engaged in which called him away from his office for three days following May 8; that at his private law office he kept assistants to whom it was his custom to refer matters of entering appearances and filing pleadings in his private practice and to whom he left the duty of attending to all matters connected with pending cases. It was further stated that he received a letter enclosing a copy of the summons and that he intended to send them to his private office to ask his assistants to attend to the matter as was his custom; that he did not send the letter and summons but left them on his desk where, either by carelessness of the janitor or of someone unknown to him, they became covered up and escaped his attention thereafter. The affidavit further recited that, "affiant supposed he had sent the papers to his assistants and acted upon that belief."

We believe the facts of the two cases are distinguishable. In the instant case there was no testimony that appellant's counsel had any assistants to whom it was his custom to refer such matters as entering appearances, or that he failed to call it to someone else's attention in his office; neither is there any evidence where affiant's counsel testified that he supposed he

had entered the appearance and acted upon that belief. Neither is there evidence that the attorney was out of his office for any period of time as in the Masten case, *supra*. In the Masten case, *supra,* the affidavit recited that the mistake was the result of someone unknown to the affiant; that it could have been either the janitor, secretary or some other party, while in this case, there is no lack of identity as to whom appellant seeks to place the blame. There is evidence that appellant's counsel did not get back to the Clerk's Office and did not check the record as to whether his appearance was entered or not. In the Masten case, *supra,* the court said:

> "As we view the facts set out in the affidavits, they tend to sustain the finding of inadvertence and excusable neglect. This evidence might be differently viewed by different courts, but the question here is, was there evidence to sustain the finding?"

Appellant further contends that the decision of the trial court should be reversed because the testimony of appellant's counsel relative to misplacing of the summons on his desk is not denied or contradicted. The court was authorized to consider that evidence together with other acts of negligence which appellant sought to be excused from. Conflict may arise out of the testimony of a single witness though it is not disputed by any other testimony. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172.

From this type of evidence and the finding that the court made, we cannot say as a matter of law that the mere fact that the secretary replaced the papers on counsel's desk and put them without his view, together with the fact that counsel did not fol-

low up his effort to enter his appearance for the client at the court house constitutes such excusable neglect for his reliance upon some other party to see that his appearance was duly entered. Appellant urges upon this court to reverse the judgment of the trial court in order to permit them to try the case upon the merits. What might be equitable in this case might prove inequitable to other litigants in the future. If appellant's theory be adopted, then similar arrangements made with a Clerk's Office or the misplacing of papers on one's desk would become a precedent and courts would be placed under the imperative duty of giving relief, thus preventing parties from knowing whether they had a valid judgment until after a lapse of time.

There is credible evidence of probative value to sustain the findings of the trial court and the judgment is not contrary to law.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 820.